## OWENS et al. *vs.* GRIMSLEY et al.

[BILL IN EQUITY BY WARD AND ANOTHER ENTITLED TO ANNUITY CHARGED ON
WARD'S PROPERTY, AGAINST GUARDIAN AND SURETIES FOR RE-EXAMINATION
AND SETTLEMENT OF ACCOUNT MADE IN PROBATE COURT.]

1. *Misjoinder of parties; multifariousness, or want of equity; what bill
not defective for.*—A bill in chancery by a ward, and another entitled to
an annuity charged on the property of the ward, against the guardian
and his sureties for a settlement of the guardianship account, is not
defective for misjoinder of parties, multifariousness or want of equity.

2. *Decree; what plea, not vitiated by.*—A decree against a defendant as
surety of a guardian is not vitiated by a plea of bankruptcy, unsup-
ported by proof.

3. *Guardian, decree against; what no defense against.*—The fact that the
property of a ward was derived from the proceeds of the sale of slaves,
is no reason why a decree should not be rendered against the guardian
on his final settlement.

APPEAL from Chancery Court of Barbour and Henry.
Heard before Hon. B. B. McCRAW.

The facts upon which the decision is based are suffi-
ciently set out therein.

W. C. OATES, for appellant.
J. A. CORBITT, *contra.*

B. F. SAFFOLD, J.—John B. Taylor became the
guardian of Moses Grimsley, with Owens and Teague the
sureties on his bond, in 1859. As such guardian, he re-
ceived the property of his ward, which was charged with
a certain sum as an annuity in favor of Matthews Grimsley,
also a minor, during his minority. On application by his
sureties to be relieved from their obligation, Taylor, on the
22d of April, 1863, gave a new bond, with Edmond Cody
as surety. Cody died December 12, 1863, and Jesse M. L.
Burnett became his administrator January 20, 1864. On
the 26th of January, 1864, Burnett applied to be released

as administrator from liability as surety for Taylor, who not being able to give another bond, settled his accounts on the 4th April, 1864, when a decree for $981. 40 was rendered against him. On the 30th October, 1865, Burnett having resigned, A. E. McGarity was appointed administrator *de bonis non* of Cody's estate.

Moses Grimsley, by next friend, and Matthews Grimsley filed their bill of complaint against Taylor, Owens, Teague, and McGarity, as administrator of Cody, in which they alleged that they were not represented in the settlement made in 18ᴠ4 by the guardian of Moses Grimsley; that Taylor converted their money to his own use soon after receiving it; that Moses has never received any benefit from his property, and Taylor is insolvent. They pray that the settlement may be re-examined in the chancery court. The bill was demurred to for want of equity, multifariousness, and misjoinder of parties.

The chancery court has concurrent jurisdiction of settlements between minors and their guardians, which has not been taken away by any power conferred on the probate court.— *Gould v. Hayes et al.*, 19 Ala. 438.

It appears from the evidence that Taylor never received any money from Teague, the register, but having purchased some of the property, by the sale of which the trust fund was created, took his own note and the notes of others as cash. He must, therefore, be held to have received so much money. His sureties are bound upon it, as he received it before they were released. The decree was not against McGarity. It does not appear that the court allowed any credit for the Confederate bonds. The decree is joint for Moses and Matthews, without designating what part for each.

The demurrer was properly overruled. The bill was not deficient in equity, nor was it multifarious. It sought a review of the guardian's settlement, at which the ward was not represented. There was no misjoinder of parties, because the rights of the complainants differed only in degree. The property belonged to one, charged with an annuity in favor of the other. There was no error in rendering the decree against Teague. He had appeared and

answered the bill, and his plea of bankruptcy was unsupported by any evidence. The decree was rendered on sufficient proof, and is not invalid because the trust property was derived from a sale of slaves.

The decree is affirmed.