# Martin *v.* Tally.

*Supersedeas of Execution on Probate Decree against Sureties on Administration Bond.*

1. *Conclusiveness of decree.*—In a proceeding to enforce a decree rendered in favor of a guardian for the use of his ward, by summary execution against the sureties on the defendant's bond as administrator, the recitals of the decree are conclusive as to the fact of the guardian's appointment and its regularity, and they can not be impeached or questioned.

2 *Non-residence of guardian.*—The fact that a guardian is a non-resident when a decree is rendered in his favor, for the use of his ward, does not justify the inference that he was also a non-resident at the time of his appointment, but the court will presume, if necessary, that he changed his residence after his appointment; and even if he was a non-resident when appointed, the appointment would not be void, but only irregular and voidable.

3. *Revivor of decree, and conclusiveness of revived decree.*—A void decree can not be revived; consequently, in a proceeding to enforce satisfaction of a decree which has been revived, the validity of the orignal decree can not be assailed.

[Martin v. Tally.]

4. *Same; conclusiveness of decree against administrator, as against his sureties.*—A decree rendered against an administrator, on final settlement of his accounts, is equally conclusive on his sureties, in the absence of fraud or collusion, as to the matters of account, but not as to the *factum* of the bond, or other defenses personal to the sureties; and when such decree is revived against the administrator, the revivor is equally conclusive on his sureties, except as to such personal defenses, although they were not parties to such revivor, and had no right to appear and defend against it.

5. *Statutes of limitation; rule of construction.*—Statutes of limitation are enacted in the interest of repose, and rest on the presumption that meritorious claims will not be allowed to slumber until human testimony is lost, or human memory fails; and their remedial provisions are never construed strictly.

6. *Limitation of 'action' against sureties on administration bond.* Under the statute which prescribes six years as the limitation of "actions against the sureties of executors, administrators or guardians, for any misfeasance or malfeasance whatever of their principal, the time to be computed from the act done or omitted by their principal which fixes the liability of the surety" (Code; § 3226, subd. 7); the word *actions*, being liberally construed, includes a summary execution against the surety, on the return of 'No property found' on an execution issued on a decree against his principal; the statute begins to run from the rendition of the decree against the principal; and when the decree is revived, no execution having issued on it before revivor, the statute is available to the sureties as a defense against a summary execution on the revived decree, issued more than six years after the rendition of the original decree.

APPEAL from the Probate Court of Jackson.

Tried before the Hon W. L. MARTIN, Register in Chancery, sitting *pro hac vice* for the Probate Judge, who was disqualified by interest.

In the matter of a petition filed in said Probate Court on the 16th September, 1882, by J. F. Martin, William B. Keeble, George W. R. Larkin, William R. Larkin, and John Compton, seeking to supersede and quash an execution which had been issued against them from said Probate Court, on the 1st August, 1882, as sureties on official bonds given by James M. Buchanan, as administrator of the estate of Winfield S. Mason, deceased. There were two bonds given by said administrator; the first dated in March, 1862, which recited a grant of administration *de bonis non* to said Buchanan and Mrs. Frances S. Mason jointly, and on which said J. F. Martin and W. B. Keeble were sureties; and the second dated March 23d, 1863, which was given after the death of Mrs. Frances S. Mason, on the requisition of the probate judge acting *ex mero motu*, and which was signed by said John Compton, William R. Larkin and Geo. W. R. Larkin, as sureties for said Buchanan as sole administrator. The execution was issued against the sureties on both of these bonds, and recited the issue of a former execution against the administrator alone, and its return "No property found;" and the decree on which said executions were

[Martin v. Tally.]

issued was described in each of them. A former execution against these sureties, issued in January, 1882, was returned May 8th, "No property found, as to James M. Buchanan; and as to the other defendants, returned under restraining order from the Chancery Court of Jackson county;" and the execution now sought to be superseded was issued after the final decision of that chancery case, by this court on appeal, at the last term. *Larkin v. Mason*, 71 Ala. 227.

The original decree against said Buchanan, on which said executions were based, was rendered by said Probate Court, on the 8th April, 1868, on final settlement of his accounts as such administrator, "in favor of B. W. Mason, as the guardian of Frances W. Mason, a minor, who was an heir-at-law of said W. S. Mason, deceased;" and in March, 1878, this decree, on which no execution had been issued, was revived against said administrator, in favor of John B. Tally, as the administrator of the estate of said Frances W., who died in January, 1870, intestate, unmarried, and during her minority. These decrees, and the material facts stated in them, were also stated in the executions. The petitioners sought to supersede the execution against them, and to have the decree entered satisfied as to them, on the ground of payment and satisfaction, in whole or in part, and because all remedy against them was barred by the statute of limitations. There was a demurrer to the petition, which the court overruled; and other pleadings were had, which it is unnecessary to notice. On hearing of the cause on pleadings and evidence, the court held that the petitioners were not entitled to the relief prayed, and therefore dismissed their petition, at their costs. The petitioners excepted to this judgment and decree, and they now assign it as error.

ROBINSON & BROWN, for appellants.—The statute of limitations of six years was a complete bar to the enforcement of the decree against these petitioners, as the sureties of the administrator.—Code, § 3226, subd. 7. As to them, the statute began to run from the rendition of the original decree against their principal, which was the judicial ascertainment of his default.—*Fretwell v. McLemore*, 52 Ala. 136; *Rives v. Flinn*, 47 Ala. 481; *Ward v. Yonge*, 45 Ala. 474. That the statute applies in such a case as this, see *Ragland v. Calhoun*, 36 Ala. 607. The infancy of the ward at the time the decree was rendered, if her administrator could in any case set it up against the bar created by the statute of limitations, can not avail him here, since the guardian was barred; and the general rule is, that when the trustee is barred, the beneficiary is also barred. Tif. & Bullard on Trusts, 720, sec. 7; *Williams v. Otey*, 8 Humph. 563; 10 Geo. 359.

[Martin v. Tally.]

HUNT & CLOPTON, and W. H. NORWOOD, *contra.*—(1.) The defenses which the sureties now set up, if founded in fact, ought to have been pleaded to the proceeding to revive the decree, and it is now too late to present them. The revivor of the decree, like the original decree itself, concludes the sureties as well as their principal; and though they were not parties to either decree, they might have been made parties on their own motion, and are as much concluded by the decree as if they had in fact intervened.—*Hailey v. Boyd's Adm'r*, 64 Ala. 399; *Grimmett v. Henderson*, 66 Ala. 521; *Gravett v. Malone*, 54 Ala. 19; *Williams v. Howell*, 4 Ala. 693. (2.) There is no statute of limitations applicable to this case, and the statute of six years certainly does not govern it. The statute never begins to run, until there is some one capable of suing and being sued.—2 Brick. Dig. 220, § 35. The statute did not run against the plaintiff's intestate, because she was an infant when the decree in her favor was rendered, and died in infancy; and infants are expressly excepted from the operation of the statute. The interpositon of B. W. Mason as her guardian, and his failure to enforce the decree, if he could have done so, would not affect her rights. — *Wallis v. Moore*, 18 Ala. 458–63. But the original decree itself recites, that it is shown to the satisfaction of the court, "by properly authenticated evidence filed of record, that B. W. Mason, of the county of Giles, in the State of Tennessee, is the legal guardian of the said minor;" and one of the admitted facts, as shown by the agreement entered of record, is, "that said B. W. Mason received his appointment as such guardian in Giles county, Tennessee, and continued to act in that capacity up to the death of his said ward." A foreign guardian, who is not shown to have complied with any of our statutory requirements, had no right to sue out execution on the decree, and could have no standing in our courts.—*Smith v. Wiley*, 22 Ala. 396; *Smith v. Smith*, 13 Ala. 329; 1 Wms. Ex'rs, 356.

W. L. BRAGG, also of counsel for the appellee, submitted a written argument on the statute of limitations, of which the following is a brief synopsis:—By virtue of the relation and privity existing between an administrator and the sureties on his bond, a decree rendered against him, on final settlement of his accounts, is equally conclusive on them, unless they can show it was obtained by collusion and fraud.—Freeman on Judgments, § 180; 4 Ala. 693; 16 Ala. 9; 19 Ala. 228; 36 Ala. 606; 60 Ala. 115; 61 Ala. 480. It is also conclusive as to assets.—*Kyle v. Mays*, 22 Ala. 692. Such a decree may be revived by *scire facias.*—Code, §§ 3174–75; 3 Ala. 223; 32 Ala. 502. The law governing such revivor, the mode of procedure, and the effect of the decree when revived, are the same

[Martin v. Tally.]

as in other cases; there being no exception, or special provision, in favor of such sureties. In such proceeding to revive, the decree on its face imports absolute verity, and it can not be impeached by any matter going behind it.—16 Ala. 95; 22 Ala. 150. The revived decree has all the force and effect of the original decree, and is equally conclusive on the sureties, but subject, of course, to their right to show payment or release after the rendition of the original decree, or that it would not have supported or authorized an execution; and they may intervene and make themselves parties to the proceeding to revive, for the purpose of setting up these defenses, as on the final settlement they might.—*Hailey v. Boyd*, 64 Ala. 399; *Baines v. Barnes*, 64 Ala. 375; *Garrett v. Garrett*, 69 Ala. 429. Whether they intervene or not, they are equally concluded by the decree. When a decree is rendered against an administrator, on final settlement of his accounts, three different. statutes of limitation come into operation from that date : 1st, six years, as the limitation to an *action* on the bond against the sureties (Code, § 3226, subd. 7); 2d, twenty years, as the limitation to an *action* on the decree (Code, § 3223, subd. 2); 3d, ten and twenty years, as the limitation to a revivor of the decree, to be determined by the issue of an execution on it within ten years (Code, §§ 3173–75). These several statutes relate only to the remedies prescribed by them respectively, and neither of them extinguishes the debt.— *Ware v. Curry*, 67 Ala. 284–89. When several remedies are given by law for the enforcement of a debt, the fact that one of them is barred is no defense to the others.—*Ivey v. Owens*, 28 Ala. 642; *Ware v. Curry*, 67 Ala. 284; *Chapman v. Lee*, 64 Ala. 483; *Godsey v. Bason*, 8 Ired. 264. The limitation of six years is prescribed only for *actions*, and it can not properly be extended by construction to *executions*. An action is a civil suit, commenced by summons and complaint; an execution is final process for the collection of a judgment or decree. The two are widely distinct in meaning, and have no common field of operation. An execution may issue against the sureties of an administrator, "*whenever* an execution for money has issued against him from the Probate Court, and has been returned unsatisfied."—*Jewett v. Hoogland*, 30 Ala. 718–21. The case of *Fretwell v. McLemore* (52 Ala. 136), and others cited for appellants, were *actions* on administration bonds, and have no application.

STONE, J.—In August, 1861, Winfield S. Mason died intestate, a resident of Jackson county, Alabama. In March, 1862, Frances S. Mason and James M. Buchanan were appointed administrators of his estate, and gave bond, with Wm. B. Keeble and Johnson F. Martin as their sureties. Mrs. Frances

[Martin v. Tally.]

:S. Mason died in 1863, and no settlement of her administration was ever had. It is not shown she had any separate administration account. Buchanan continued in the administration. In March, 1863, after the death of Mrs. Mason, the judge of probate, of his own motion, required Buchanan, the administrator, to give an additional bond; and he gave such bond, with W. R. Larkin, John Compton, and Geo. R. Larkin, as his sureties. James E. Mason and Frances W. Mason, infants of tender years, were the heirs-at-law and distributees, alike of Winfield S. Mason and Frances S. Mason. One Hopkins became administrator of Frances S. Mason, she having died intestate.

In April, 1868, James M. Buchanan made a final settlement of his administration of Winfield S. Mason's estate, in the Probate Court of Jackson county,—said James E. and Frances W. being still minors. His accounts were audited and stated, and a balance of some thirty-one hundred dollars was found in his hands for distribution. This sum was divided into three parts, and decrees were then rendered against said Buchanan, for the several thirds; one in favor of Hopkins, as the administrator of Frances S. Mason, the widow; one in favor of B. W. Mason, as the guardian of James E. Mason, minor, for the use of said James E. Mason; and one in favor of B. W. Mason, guardian of Frances W. Mason, minor, and for her use. The decree last mentioned—that in favor of B. W. Mason for the use of Frances W. Mason—is the subject of the present controversy. No execution was issued on that decree, until after the revivor hereinafter stated.

Said Frances W. Mason having died a minor, John B. Tally was appointed her administrator; and in March, 1878, pursuant to a motion and notice therefor, said decree, so rendered in 1868, in favor of B. W. Mason, guardian of Frances W. Mason, and for her use, was revived in favor of said Tally, as her administrator. An appeal had been taken to this court, pending the proceedings, and questions of law were settled, which entered into the question of revivor.—*Mason v. Buchanan*, 62 Ala. 110. An execution against Buchanan was issued on said revived judgment, in July, 1878, which was returned in November following, "No property found." This was the first execution issued against Buchanan on said decree, either before or after the said decree of revivor. In January, 1882, an execution was issued on said revived decree, and on the return 'No property' made on said first execution, against said Buchanan, and against his sureties on both said bonds. Thereupon, said sureties obtained a *supersedeas* of said execution, as against them, and, among other defenses, pleaded the statute of

[Martin v. Tally.]

limitations of six years, as a bar to the proceeding against them. This defense was disallowed by the Probate Court.

It is shown in the record, that when the decree was rendered, B. W. Mason, the alleged guardian, was a resident of the State of Tennessee. It is not shown when or where he was appointed, nor is it shown he ever had been appointed such guardian, further than the recital in the decree that he was such guardian of said Frances W. Mason. There is nothing in the objection based on these facts. The recital in the decree, affirming that he was guardian, proves the fact, in a collateral presentation, such as this.—*Florentine v. Barton*, 2 Wall. 210. Judgments and decrees of courts, pronouncing the existence of collateral facts material to their regularity, are presumed to be correct. Nor can we presume said B. W. Mason was a non-resident of Alabama, at the time he was appointed guardian. There is nothing in the record to raise such presumption; and, if necessary, we would presume he was a resident when appointed, and changed his residence afterwards. We may go further: If he was non-resident when appointed, the appointment was not void. It was, at most, irregular, and would stand, until revoked.—*Buchanan v. Tally*, at the last term; *Broughton v. Bradley*, 34 Ala. 694; *Brock v. Frank*, 51 Ala. 85.

There is another view, which is a full answer to any argument that may be based on the non-residence of the guardian, in whose name the original decree was pronounced. That original decree is the foundation, on which the decree of revivor stands. If it was void, it could not be vitalized by an order of revivor. Revivors restore life to judgments and decrees that have become dormant. They restore that which has been lost by neglect. If there was no previous living existence, there can be no restoration. The revivor and execution, in this case, estop the appellee from gainsaying the validity of the decree, on which the whole proceeding rests.—*Buchanan v. Tally, supra.*

It is contended for appellee, that the petitioners, sureties on the bonds, should have had themselves made parties with Buchanan in the probate proceedings instituted to revive the decree, and should then and there have interposed the defense of the statute of limitations. Failing to do so, the argument is, that they, together with Buchanan, are concluded by the decree. There can be no question that the decree, both original and revived, rendered against Buchanan, is equally binding on his sureties, as to all matters that are not personal defenses. This grows out of our statutes, which make it the duty of the administrator, imposed by his bond, to make settlement of his administration. Hence, the state of the accounts, ascertained

[Martin v. Tally.]

and decreed against the personal representative himself, is alike conclusive on him and his sureties, in the absence of fraud and collusion. Not so, however, as to the *factum* of the bond, and the surety's liability upon it. These are questions which can not arise on a mere proceeding to bring the administration to a settlement, to which the sureties are not parties.—*Grimmet v. Henderson*, 66 Ala. 521; *Larkins v. Mason*, 71 Ala. 227. The proceeding in this case was against Buchanan alone, and its purpose was to revive the decree previously rendered against him. To such proceeding the limitation is twenty years. The sureties had neither power nor right to appear or defend against this proceeding. The fact and extent of their principal's liability had been fixed by the decree of 1868, and that decree equally fixed their liability at that time, with the exception of personal defenses. In the state of the record, any defense they could have made could not have availed Buchanan, their principal.—See *Garrett v. Garrett*, 69 Ala. 429; Code of 1876, § 3224, subd. 2; 1 Brick. Dig. 925, §§ 153–5.

Section 3226 of the Code of 1876, subd. 7, declares a limitation of six years to "actions against the sureties of executors, administrators or guardians, for any misfeasance or malfeasance whatever of their principal; the time to be computed from the act done or omitted by their principal, which fixes the liability of the surety."

Payment of the decree rendered in this cause by the Probate Court, was the act omitted to be done. Our uniform rulings are, that the rendition of a decree for money, on final settlement of an executor, administrator or guardian, fixes the liability of the surety.—*Fretwell v. McLemore*, 52 Ala. 124–36; *Wright v. Lang*, 66 Ala. 389. As soon as the decree was rendered, it became the duty of the administrator to pay it; and failing to do so, an action lay at once against his sureties. The breach, in such case, is the non-payment by their principal, of the amount of the decree.—1 Brick. Dig. 925, §§ 147, 152. The right of action accrues then, because it is the duty of the principal to pay; and the sureties may then pay, and charge their principal for the breach in not paying. Such payment by the sureties could not be classed as voluntary.

It is contended for the appellee that, inasmuch as the statute employs the word *actions*, in prescribing the limitation we are considering, it can not be applied to this case, because the present statutory proceeding is in no sense an action; that the issue of an execution, which is final process, can not be the commencement of an action, whose initiatory step is an original process. In *Steele v. Graves*, 68 Ala. 17, following former rulings, we said: "The right to have execution against the sureties, is statutory. It is a substitute for a suit on the bond for non-payment

[Martin v. Tally.]

by the administrator of the decree against him."—See *Elliott v. Mayfield*, 4 Ala. 417, 424. Now, it could not be controverted, that if suit had been brought against the sureties, alleging non-payment of the decree as the breach of the bond, the six years statute of limitations would have been a good plea in bar. Cases frequently arise, in which the statutory remedy can not be resorted to. If the administrator dies before settlement, and the settlement is consequently made by his personal representative, the statutory remedy by execution can not be invoked. To any proceeding in such case, the statute might be pleaded by the sureties. Would it not be strange that, in two cases, in all other respects parallel, the accidental death of one principal would release one set of sureties, and leave the others liable? We think the construction claimed is too literal and narrow. Statutes of limitation are enacted in the interest of repose. Their remedial provisions are never construed narrowly. They rest on the presumption that meritorious claims will not be allowed to slumber, until human testimony is lost, or human memory fails.

Our interpretation of the statute is, that the word *actions* can not be construed in any technical sense, but that it embraces all civil proceedings instituted or set on foot, to enforce the liability. Mr. Bouvier says: "In a quite common sense, *action* includes all the formal proceedings in a court of justice, attendant upon the demand of a right made by one person or party of another in such court, including an adjudication upon the right, and its enforcement or denial by the court." This, whatever its form, if not asserted against the surety until more than six years after the liability of the principal is fixed by decree, may be successfully defended by interposing the plea of the statute.

All the facts in this case are before us, and there is no necessity for remanding the cause.

The decree of the Probate Court is reversed, and a decree is here rendered, superseding and quashing the execution, so far as the sureties on the two bonds are concerned; and no other execution will issue against them on said decree.