# Painter v. Mauldin.

*Motion to Quash Execution.*

1. *Guardian's bond not signed by principal.*—A guardian's bond, in

[Painter v. Mauldin.]

which the name of the principal appears in the body of the in-
strument, but is not signed by him, is not a statutory bond,
and will not authorize the issuance of an execution against
the sureties as provided by statute.

2. *Common law bond.*—When such bond is approved and the guar-
dian has acted thereunder, and his liability to the ward is fixed
on final settlement, the bond, by virtue of Sec. 2282 of the Code
of 1896, is good as a common law obligation, on which the
obligors may be sued in a court of law.

APPEAL from Dale Probate Court.

Tried before Hon. W. W. MORRIS.

On May the 12th, 1897, W. G. Matthews made and
concluded a final settlement of his guardianship of the
estate of Mary and Whitefield Mauldin, and a decree
was rendered against him for $606.42, directing that ex-
ecution issue against him and the sureties on his bond,
viz: J. N. Sansburry, G. D. May, and W. R. Painter.
Execution was issued June 15, 1897, and levied on cer-
tain property of said Painter, who, thereupon filed his
motion to quash the execution. The admitted facts as
referred to in the opinion are stated in the sixth ground
of the motion, as follows: "Movant shows to the court
the following, which he avers to be facts: that on the
30th day of June, 1893, said W. G. Matthews presented
to this movant a bond which, on its face, in the body of
it, was regular, and was for the sum of two thousand
dollars, payable to Hon. W. W. Morris, as probate judge
of Dale County, Alabama, and his successors in office,
which recited that said W. G. Matthews had that day
been appointed as the guardian of Mary Mauldin and
Whitefield Mauldin, minors, and was conditioned that
if said W. G. Matthews should well and truly perform
all the duties which were or might be required of him
as such guardian, the same should be null and void,
otherwise to remain in full force and effect; that mov-
ant was not then aware that said W. G. Matthews had
theretofore been appointed guardian of said minors, or
that said bond presented to him, as aforesaid, was not
the bond to be executed by said Matthews in order to
procure his original appointment as guardian of said
minors; whereas, in fact, as was ascertained by movant,
after the above named bond had been taken and ap-

proved, as hereinafter shown, said Matthews had theretofore, on to-wit, the 10th day of May, 1893, given bond and been appointed guardian of said minors and entered upon the discharge of his duties as such, and the bond presented to movant was one which said Matthews was then trying to make as a new or additional bond to the one already made by him on the 10th day of May, 1893, as aforesaid; that movant signed the said bond presented by said Matthews to him at the instance and request of said Matthews; that the name of said W. G. Matthews appeared in the body of said bond as principal and as obligor therein, but his, said Matthews', name had not at that time been signed to said bond by said Matthews; that after movant signed said bond as surety he delivered the same to said principal, but that he, movant, did not consent to be bound upon said bond, or that the same should be delivered to the obligee therein, or that it should be approved, or that said Matthews should be appointed as said guardian to take charge of the person or property of said minors, or enter upon the discharge of any of the duties of guardian, until the bond should be signed by the said Matthews as the principal obligor therein; that said Matthews, contrary to his duty in the premises, and without the knowledge or consent of movant, delivered said bond to Hon. W. W. Morris, the then judge of probate court of Dale County, Alabama, without having signed the same, and that he has never signed the same, that said W. W. Morris, as said judge of probate, with knowledge of the fact that the name of the said W. G. Matthews was not signed to the said bond, and without the knowledge or consent of movant, took and approved said bond; that movant never knew of the failure of the said Matthews to sign said bond, or of the approving thereof without his signature thereto, until a long time after the same had been done; that as soon as he ascertained that said bond had been filed and approved without the signature of said Matthews as principal thereto, movant at once notified said W. W. Morris, who was at that time, and still is the judge of probate of said county and said Matthews, as said guardian, that he, movant, would not be bound in said bond as surety, and would not, as such, be liable for any act of said Matthews as said guardian for said minors, because said bond was not signed by said Mat-

thews, the person named in the body of the said bond as
principal obligor therein." The court overruled the
motion, and movant appeals.

SOLLIE & KIRKLAND, ESPY & FARMER, for appellant.
The instruments which, under our law, can operate as
the statutory bond of a guardian, are defined in sec-
tions 2378, 2385, and 2387 of the Code of Alabama, 1886.
Section 2388 renders binding certain bonds, which may
or may not be statutory bonds. A bond not signed by
the principal is not within the provisions of any of these
sections. There can be no suretyship without a princi-
pal. There can be no breach of a bond by a guardian
not executing it, nor bound by its conditions. Sureties
cannot be bound without a breach of the conditions by
a principal bound thereby. The bond is a nullity. The
appellant has not estopped himself to set up such de-
fense.—*State v. Parker*, 72 Ala. 181; *Gay v. Murphy*, 56
Am. St. Rep. 496; *Board of Ed. v. Sweeney*, 48 N. W.
Rep. 302; *Hall v. Parker*, 37 Mich. 590; *Ib.* 39 Mich.
287; *City of Sacramento v. Dunlap*, 14 Cal. 421; *People
v. Hartley*, 21 Col. 585; *Russell v. Austell*, 109 Mass. 72;
*Goodyear Dental Co. v. Bacon*, 151 Mass. 460; *Terry v.
Berchard*, 21 Conn. 597; *State v. Austin*, 35 Minn. 51;
55 Minn. 187; *Johnson v. Kimball*, 39 Mich. 187; *Par-
mer v. Oakley*, 47 Am. Dec. 1.

H. H. BLACKMAN, *contra.*—The duties and liabilities
of a guardian are defined by law. The decree of the pro-
bate court on final settlement is conclusive as to his lia-
bility, and the sureties on his bond in the absence of
fraud.—*Gravett v. Malone*, 54 Ala. 19; *Chilton v. Parks*,
15 Ala. 671; *Wereborn v. Kinney*, 74 Ala. 591. Surety-
ship is an undertaking to answer for the debt, default,
or miscarriage of another, by which the surety becomes
bound as the principal. A bond approved and acted on
is binding, and although not strictly a statutory bond, is
subject to the remedies prescribed by statute.—2 Bou.
688; Code of 1886, §§275, 276, 2273 and 2274; *Sprawl
v. Lawrence*, 33 Ala. 674; *Lewis v. Lee County*, 66 Ala.
480; *State v. Flinn*, 77 Ala. 100; *Steele v. Tutwiler*, 68
Ala. 107; *McLeod v. State*, 13 So. 268; 69 Miss. 221;
*Hall v. State*, 13 So. 38; 69 Miss. 529; *Smith v. Jackson*,
56 Ala. 25; *Chancy v. Thweat*, 91 Ala. 329.

COLEMAN, J.—Upon final settlement of his ac-

[Sowell v. Bank of Brewton.]

counts by W. C. Matthews as guardian, execution issued against him and certain parties as sureties on his bond. The appellant moved the court to quash the execution, and the present appeal is prosecuted from the orders and judgment of the court upon the motion to quash the execution. There are several assignments of error, but only two material questions are raised. It is an admitted fact, that the guardian himself, the principal, though his name appears in the body of the bond, never signed the bond; and the facts stated in the motion, which are admitted to be true, show that movant has been guilty of no *laches* or other acts, which can operate as a waiver of his right to insist upon the defect, if indeed it be such. The question is, whether the sureties are bound, and the court's right to issue execution on the bond. This question has been decided by different courts of great learning, both ways. Some of the authorities may be found cited to the case of *Gay v. Murphy,* 134 Mo. 98 (56 Am. St. Rep. 496), and *City of Deering v. Moore,* 86 Me. 181 (41 Am. St. Rep. 534).

It is the opinion of the court that if the bond was not executed by the guardian as principal, as seems to have been admitted, it is not a statutory bond, and did not authorize the issuance of execution against the sureties as provided by the statute. We hold, however, that under the admitted facts, by virtue of section 2282 of the Code of 1896, the bond is good as a common law liability upon which the obligors may be sued in a court of law.

Under the view taken of the character of the bond, it is unnecessary to consider the other questions presented by the record.

Reversed and remanded.