# Hannis Distilling Company *v.* Lanning, *et al.*

*Bill to Enjoin a Judgment at Law.*

(Decided February 4, 1915. 68 South. 137.)

1. *Principal and Surety; Bond; Liability of Surety.*—In view of the provisions of section 1505, Code 1907, the sureties on a garnishment bond cannot escape liability on the ground that the principal wrongfully delivered the bond without executing it himself as agreed.

2. *Garnishment Bond; Sufficiency.*—Under section 4313, Code 1907, a defendant was at all events liable upon a garnishment bond accepted by the clerk, although it was not executed by defendant, and the bond was not void under the statute, and hence, a summary judgment might thereon be rendered against the surety.

3. *Judgment; Conclusiveness; Matters Concluded.*—A judgment is res judicata only as to those things considered and determined.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by W. O. Lanning and others, against the Hannis Distilling Company to perpetually enjoin respondents and the sheriff from proceeding against complainants under a judgment rendered by a law court in a garnishment proceeding, wherein they were sureties for the judgment defendant. From a decree for complainants, respondents appeal. Reversed and remanded.

STERLING A. WOOD, for appellant.

THOMAS J. JUDGE, for appellee.

SAYRE, J.—Complainants (appellees), on request of J. D. Evans, who had been sued, signed a bond for the dissolution of a garnishment and the discharge of garnishees who had been brought in, according to provisions of section 4313 of the Code. This bond was approved by the clerk of the court in which the proceeding was pending, although it was not signed by Evans, and the garnishees were accordingly discharged. Afterwards judgment was rendered against Evans and complainants in this bill; this in pursuance, as doubtless the court intended, of the following provisions of the above section: "And upon the trial of the cause, if judgment is rendered or ascertained to exist in favor of the plaintiff against the defendant, the court must also render judgment against the obligors in the bond for the amount of such judgment, interest thereon, and costs of suit."

Execution having been issued and levied upon the property of some of the sureties they filed the bill in this cause against the plaintiff in execution and the sheriff, praying that they be perpetually enjoined and restrained from proceeding against these complainants under the judgment rendered by the law court.

Complainants base the equity of their bill upon two propositions: (1) The bond for the dissolution of the garnishment was not the bond contemplated by the statute, because it was not signed by the defendant in the action at law, and hence that the summary judgment against them was void; (2) their signatures were procured on the representation that the defendant, for whom they intended to become sureties only, and another, would sign the bond, which he failed to do.

. (1, 2) If the bond, though lacking the signature of the defendant, could be lawfully accepted and acted upon by the court as a bond within the meaning and for the purpose of the statute, the second ground upon which the equity of the bill is placed must fail, for the reason that a surety on a bond or undertaking, executed in the commencement or progress of any suit or judicial proceeding, civil or criminal, cannot avoid liability thereon, on the ground that he signed or delivered it on condition that it should not be delivered to the proper officer, or should not become perfect, unless it was executed by some other person who does not execute it. Such is the provision of section 1505 of the Code, it must be read into every bond that may be lawfully held to operate under section 4313, supra.

So, then, the question is whether the bond in the case before us was void and of no effect as a bond under section 4313, and whether in consequence the summary judgment against these complainants was altogether ineffectual, for the reason only that the defendant in the law court failed to attach his signature thereto.

In his decree granting relief the chancellor has stated that he sought to follow the decision in *Painter v. Mauldin*, 119 Ala. 89, 24 South. 769, 72 Am. St. Rep. 902. The rule of that case, as applicable to the official bonds of guardians, has been changed since the deci-

sion, so that now, after final decree against the guardian on a settlement with his ward, execution may issue against his sureties, whether their principal has signed the bond or not.—Code of 1907, § 4439. It may be noted here that in a case of that sort no judgment can properly be rendered against the guardian's sureties, the statute not so providing; and yet, notwithstanding the settlement is made without notice to them, and they are not technically parties to the decree against the guardian, such decree is, in the absence of fraud, the bond being a subsisting valid obligation at the time of the decree, conclusive on them, because the settlement is an act which their principal is required by law to perform, and the due performance of which is within the condition of his bond.—*Gravett v. Malone*, 54 Ala. 19.

But it remains to institute some inquiry as to the principle of law laid down in *Painter v. Mauldin*. It was an admitted fact in that case that the guardian himself, the principal, though his name appeared in the body of the bond, never signed the bond. The question there at issue was stated by the court to be whether the sureties were bound, and the court's right to issue execution on the bond, and this question, as the court observed, had been variously decided by courts of great learning in other jurisdictions. The decision announced was that the bond, not having been signed by the guardian as principal, was not a statutory bond, and did not . authorize the issuance of execution against the sureties under the statute. The ground of the opinion does not appear except inferentially. After consulting *Gay v. Murphy*, 134 Mo. 98, 34 S. W. 1091, 56 Am. St. Rep. 496, cited in the opinion, and the numerous adjudications referred to in the cited case, we confidently venture the statement that the conclusion in *Painter v.*

*Mauldin* was reached on the idea that the guardian had not "entered into bond" as the statute prescribed, and for the reason that the sureties, signing a bond which recited the name of the guardian as the principal obligor, did so upon the consideration, to be implied prima facie from the appearance of the principal's name in the body of the bond, that the principal would sign it, and that until such a bond is signed by the principal obligor the instrument, as delivered, is imperfect and incomplete, and is not the contract contemplated by the parties, or that the sureties understood they were making when they affixed their signatures to the instrument. This is the doctrine of *Gay v. Murphy,* where the court says that, with respect to official and other statutory bonds, which are in the one instance required by statute to be executed by the officer, and in the other to be given by the principal in the bond, the weight of authority is that, if the name of the principal is called for in the bond, and it is not signed by him, it is not only void as to him, but as to all who sign it as sureties.

Here we have a different case, and the difference is entirely sufficient to distinguish this from the case considered in *Painter v. Mauldin.* Here the bond was conditioned upon the failure of Evans, the defendant in the law court, to pay, or cause to be paid, to plaintiff any judgment that might be rendered against him. The signers were sureties for Evans. But a bond is nothing more than an obligation in writing and purporting to be under seal, binding the obligor to pay a sum of money to the obligee. The bond in this case was a "bond given" within the purview of section 4313; though it was not signed by any person for whose benefit it was given. The name of Evans, for whose benefit it was given, did not appear in the body of the bond

as the principal obligor, nor otherwise, except as the defendant in the suit, nor was the obligation the official bond of a public officer, and therefore the instrument on its face held out no promise to the sureties that he would sign it, nor did it put the officer charged with its approval upon notice that the parties signing it may have done so on consideration or promise, express or implied, that Evans would attach his signature, nor, aside from such promise, was it of any consequence to complainants whether Evans signed the intrument, for he was to be primarily liable in any judgment that might be rendered, bond or no bond, and his failure to sign in no way affected the rights of the sureties.— *U. S. Fidelity & Guaranty Co. v. Union Trust & Savings Co.,* 142 Ala. 532, 38 South. 177; 1 Brandt Sur. (3d. Ed.), §§ 169, 170. By force of the statute complainants are denied the right to avoid liability on the ground that they signed or delivered the bond on condition that it should not be delivered to the proper officer, or should not become perfect, unless it was executed by some other person who did not execute it; the bond being on its face a valid and perfect instrument. The manifest purpose and intention of the statute (section 1505 of the Code) is to take away from sureties who sign any bond within the scope and operation of the statute the defense that they executed and delivered the bond conditionally; and the statute is to be liberally construed.—*Bromberg v. Fidelity & Deposit Co.,* 139 Ala. 345, 36 South. 622. The bond having been executed and delivered as a bond in valid form under the statute, carrying upon its face no evidence of conditional execution or delivery, complainants are concluded by the judgment; unless they could show that it was procured by fraud, had been satisfied, or had ceased to be a subsisting bond at the time of the judg-

ment.—*Gravett v. Malone, supra.* They have undertaken no one of these defenses.

(3) It appeared that shortly after the judgment was rendered against Evans and these complainants the latter appeared in the law court and moved the court to set aside the judgment as to them on substantially the grounds now alleged in the bill; thus, in a way, making themselves parties. The law court overruled the motion. This is now urged as res adjudicata of the present bill. It is true, of course, that in an action to annul a judgment the judgment assailed cannot be pleaded as res adjudicata; but that principle can only apply to grounds of nullity not considered and determined in the judgment itself. If the judgment were a nullity for the reasons assigned, the law court certainly would have had power to so declare, and its judgment on the motion, as long as it remained unreversed, was most likely a thing judicially determined as against any further action of nullity by the same parties, against the same judgment, on the same grounds.—*Hoggatt v. Crandall,* 39 La. Ann. 976, 3 South. 89. But in view of what we have said above, this question may be left without further statement.

For the reasons assigned, the decree of the court below will be reversed, and a decree here rendered dismissing the bill.

Reversed and rendered.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ, concur.