(79 South. 600)

UNITED STATES FIDELITY & GUARANTY CO. v. HARTON.    (6 Div. 810.)

(Supreme Court of Alabama.    June 27, 1918.)

1. INSANE PERSONS ⊕═45—GUARDIANSHIP — DECREE AGAINST GUARDIAN — BINDING FORCE ON SURETY.

In view of Code 1907, § 4439, final decree rendered against guardian of insane person, in latter's suit against him after restoration to sanity, in absence of proof of fraud or collusion, is binding on surety on guardian's bond, who cannot enjoin ward from enforcing his judgment by asserting defense which guardian should have made.

2. JUDGMENT ⊕═460(1) — RESTRAINING ENFORCEMENT—EQUITY OF BILL.

Where bill, by surety of guardian of insane person, against ward, who has been restored to sanity, to enjoin enforcement of his judgment against guardian, shows that funds for which guardian was held accountable reached his hands in 1906, averment as to surety's petition, in 1908, for discharge from liability on bond, has no bearing on equity of bill.

3. INSANE PERSONS ⊕═45—GUARDIANSHIP — SURETY ON BOND—RELIEF AGAINST WARD.

Surety on bond of guardian of insane person is not entitled to any relief, in suit to enjoin insane person, after restoration to sanity, from enforcing judgment against guardian, as to either principal or interest, on account of matter of continuance of settlement by agreement of guardian with ward pending litigation.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Suit by the United States Fidelity & Guaranty Company against H. M. Harton. From an order overruling motion for temporary injunction, complainant appeals.    Affirmed.

The bill in this cause was filed by appellant against the appellee, and sought to enjoin the appellee from enforcing against appellant, by execution, garnishment, or otherwise, a judgment which had been theretofore rendered in favor of said appellee by the Supreme Court of Alabama, on an appeal from a judgment rendered by the probate court of Jefferson county.

The facts, as set forth in the bill, may be briefly stated as follows: H. M. Harton, respondent to the bill, was in March, 1905, adjudged insane, and one C. B. Powell appointed as his guardian, and the United States Fidelity & Guaranty Company became surety on the guardian's bond, which was dated March 17, 1905.    In May, 1907, said Harton was restored to sanity, and in July, 1907, said Powell, as guardian, filed his accounts for settlement in the probate court.    During the time of the insanity of Harton, and pending the term of guardianship of Powell, the said Powell, seeking to enforce the rights of his ward, filed a bill in chancery as such guardian, and, in the course of the proceedings, the litigation was settled by said Powell as an individual and also as guardian of Harton.    Under said settlement the guardian was paid $2,550, as shown by the agreement attached to the bill.    The settlement was had on January 10, 1906.    Harton was subsequently restored to sanity, and after Powell had filed his accounts for final settlement of his guardianship, he agreed with Harton that a final settlement would be postponed for the purpose of Harton asserting his rights against the respondents in the proceedings wherein the guardian had made settlement, as heretofore stated, on January 10, 1906.

In March, 1908, the complainant filed its petition in the probate court seeking to be released from the bond of said Powell as guardian; and on the same day an order was entered releasing complainant from liability on said bond, and requiring the said Powell, as guardian, to execute a new bond, which was not done, and no action was taken to enforce the giving of said bond, or the removal of said guardian, but that complainant has been without fault or negligence in the matter of the probate court to require a new bond; that by reason of the agreement and postponement in the settlement above referred to the complainant has been discharged from any and all liability on said bond.    Subsequently, in March, 1910, said Harton filed his bill against the respondents, who were parties to the litigation by his guardian in which he repudiated the settlement that had been made by his guardian on January 10, 1906, and sought to recover all of his rights, which were involved in said settlement, and to require the respondents to account to him for the property which they had acquired by reason of the settlement which Johnston had had with his guardian. This litigation continued until May, 1915, when the same was settled by agreement entered into by Harton and respondents by the terms of which Harton was conveyed property of considerable value, and judgments against him were canceled.    A copy of the agreement is made an exhibit to the bill.

The bill further avers that after this settlement, and after Harton had received all the benefits to be derived from the repudiation of the sale and transfer made by his guardian he filed a petition in the probate court to compel a settlement of the account of Powell, as guardian.    And it was on this settlement that judgment was rendered against Powell, as guardian, the enforcement of which is now sought to be restrained.    It is further averred that by said conduct Harton had

⊕═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

estopped himself from claiming the proceeds of said settlement. The bill also avers that complainant, surety on the bond, did not know of the repudiation by Harton of the settlement which Powell had made with Johnston, and that Harton had been paid for his interest involved in the settlement with his guardian until after judgment had been rendered in the case of Harton v. Powell in the Supreme Court; and that the amount of the judgment cannot be made by legal process against said Powell, but that complainant will be compelled to pay the same unless relief is awarded in this suit.

The settlement proceedings in the probate court resulted in a judgment in favor of Harton for $1,000 against the said C. B. Powell, as guardian, from which judgment Harton prosecuted an appeal to the Supreme Court, resulting in a judgment in favor of Harton against Powell, as guardian, in the sum of $3,574.64 (the case being reported as Harton v. Powell, 78 South. 373 [1]), and it is the enforcement of this judgment complainant seeks to restrain. The bill was sworn to, and sought a temporary injunction. The court entered an order overruling the motion for the temporary injunction, and from this order the present appeal is prosecuted.

Coleman & Coleman, of Birmingham, for appellant. Stokely, Scrivner & Dominick, of Birmingham, for appellee.

GARDNER, J. [1] It thus appears from the foregoing statement of the case that, by this bill the surety seeks to assert a defense which it is insisted the guardian could and should have made against the claim of the ward on account of moneys received in settlement of the litigation instituted by him—and this is sought to be done after the matters here complained of have become the subject of contest on the final settlement in the probate court, and finally adjudicated in this court—resulting in a final judgment in favor of the ward against the guardian.

It is now settled law in this jurisdiction that, under such circumstances as here disclosed, the final decree rendered against the guardian is binding and conclusive on the surety in the absence of proof of fraud or collusion. In Hailey v. Boyd, 64 Ala. 399, the court said:

"The decree against the guardian is conclusive on the sureties, because they are privies in contract. For the faithful performance of all the duties required of the guardian by law, they are bound by the terms of the bond; and a full settlement of his guardianship in the court of probate or the court of chancery, as the ward may elect the one or the other forum, is a duty enjoined upon him by the law. The decree rendered against him is in the nature of a judicial admission made by him; is an act done in the performance of his trust and duty, and, for this reason, is binding and conclusive on the sureties, and not upon the theory that they are parties to the record, directly or indirectly."

[1] 201 Ala. 467.

Speaking of a similar question, involving the liability of the surety on the bond of executors, this court, in Grimmet v. Henderson's Adm'r, 66 Ala. 521, said:

"The executors should have prevented the rendition of the judgment against them by interposing such defenses by plea as the facts of the case authorized. Their neglect to do so, in the first suit, is conclusive on both themselves and the sureties in this action. The sureties have, by the execution of the bond, assumed the office of guarantors for the faithful performance of the executorial duties of their principals. This includes the duty to pay on demand all debts ascertained judicially to be due by the principals in their capacity as executors, provided the estate is not declared to be insolvent. The failure to pay such judgment is a breach of the bond, and the sureties, as well as the principals, are estopped from asserting anything to the contrary."

In Martin v. Tally, 72 Ala. 23, it is held that such a judgment or decree against the administrator on final settlement of his accounts is equally conclusive on his sureties in the absence of fraud or collusion as to the matters of account. But it was pointed out that such a decree was not conclusive as to the factum of the bond, or other defenses personal to the sureties. In the instant case, however, no such situation is presented, as no defense personal to the surety is here sought to be interposed. The principle here applied was recognized in the early history of this court, and is also in accord with the great weight of authority in other jurisdictions. See Chilton v. Parks, 15 Ala. 671; Williamson v. Howell, 4 Ala. 693; Freeman on Judgments, § 180; note to Ballantine v. Fenn, 40 L. R. A. (N. S.) 698, where numerous authorities bearing upon this question are collated. See, also, in this connection, Carpenter v. Carpenter, 79 South. 598.[2] There is nothing in the case of Smith v. Jackson, 56 Ala. 25, and U. S. F. & G. Co. v. Pittman, 183 Ala. 602, 62 South. 784, cited by counsel for appellant, at all at variance with this well-recognized rule. The respondent is but pursuing the language of the statute, which declares that all final decrees rendered against the guardian on a final settlement have the force and effect of a judgment at law, on which execution may issue against the guardian and against his sureties; and that upon such decrees process of garnishment may issue from courts of probate in like cases and manner as it may issue on judgments in courts of law. Section 4439 of the Code of 1907.

[2, 3] We are therefore of the opinion that the final decree rendered upon the guardian's final settlement of his accounts, involving the question here sought to be reviewed, is binding and conclusive upon the surety, and is not attacked for collusion or fraud. We are further of the opinion that the bill attempting to here interpose an alleged defense of the guardian is without equity. As the bill shows that the funds for which the guardian was held accountable in the final decree reached the hands of the guardian in

[2] Ante, p. 132.

the year 1906, we do not see that any averment as to the petition of the surety—complainant here—subsequently in the year 1908, for its discharge from liability on the bond of said guardian, has any material bearing upon the equity of the bill. Nor do we see upon what principle the complainant would be entitled to any relief as to either the principal or interest on account of the matter of continuance of the settlement by agreement of the guardian with the ward, pending litigation.

It results, therefore, as our conclusion, that the bill is without equity, and that the motion for temporary injunction was correctly denied. The decree of the court below will be here affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and MAYFIELD, JJ., concur.