**WATSON v. WHITE et al.**   (4 Div. 333.)

Supreme Court of Alabama.   May 12, 1927.

Rehearing Denied June 15, 1927.

**1. Guardian and ward** ⊗〓180—**Final decree in guardianship proceeding is conclusive and has effect of judgment against guardian's sureties.**

Final decree in proceeding for final settlement of guardianship was conclusive on and had force and effect of judgment against sureties on guardian's bond, where such decree was free from fraud or collusion.

**2. Guardian and ward** ⊗〓10—**Decree appointing nonresident father guardian of nonresident wards held not void, where wards had estate within state (Code 1923, §§ 8096, 8098, 8226).**

Decree appointing nonresident guardian for nonresident minors held not void, where minors at time of appointment had estate within state, since such appointment was expressly authorized by Code 1923, § 8098; especially where guardian was father of wards, in view of section 8096, notwithstanding section 8226.

**3. Courts** ⊗〓472(4)—**Probate and equity courts have concurrent jurisdiction in matters of guardianship.**

Jurisdiction of court of equity and probate court are concurrent in matters of guardianship.

**4. Guardian and ward** ⊗〓15—**Guardian's bond payable to probate judge held sufficient after removal of guardianship administration to equity court (Code 1923, §§ 8102, 8135.**

Guardian's bond, executed in compliance with Code 1923, § 8135, payable to judge of probate, held sufficient as statutory bond after removal of guardianship administration from

probate to equity court, pursuant to section 8102.

**5. Guardian and ward ☞181—Issuance of execution against guardian's sureties held authorized by decree of equity court after removal of guardianship administration from probate court (Code 1923, § 8212).**

Issuance of execution against sureties of guardian *held* authorized by virtue of decree against guardian, providing for execution against guardian and sureties, rendered by court of equity after removal of guardianship administration from probate court, in view of Code 1923, § 8212.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Proceedings, in equity, on final settlement of the accounts of Z. E. Knowles, as guardian of Jessie Lee White and another, in which there was decree against the guardian and the sureties on his bond. From a decree denying his petition to supersede execution against him as surety, J. P. Watson appeals. Affirmed.

E. C. Boswell, of Geneva, for appellant.

The bond here is not a statutory bond returnable to the circuit court in equity, and does not authorize the issuance of execution against the sureties. Painter v. Mauldin, 119 Ala. 88, 24 So. 769, 72 Am. St. Rep. 902; Smith v. Jackson, 56 Ala. 25; Hailey v. Boyd, 64 Ala. 399; Randall v. Wadsworth, 130 Ala. 633, 31 So. 555; Matthews v. Mauldin, 142 Ala. 434, 38 So. 849, 4 Ann. Cas. 344. The guardian and the wards in this case were nonresidents, and, the court being without jurisdiction, the appointment of the guardian was void, and no liability could attach as against appellant.

Carmichael & Tiller, of Geneva, for appellees.

A nonresident may be appointed as guardian; and, if the appointment in this case was irregular, it was not void, but would stand until revoked. Brock v. Frank, 51 Ala. 85; Speight v. Knight, 11 Ala. 461; Code 1923, § 8098; 12 R. C. L. 1113; 28 C. J. 1069. The chancery court has jurisdiction concurrent with the probate court in guardianship matters. Hailey v. Boyd, 64 Ala. 399; Owens v. Grimsley, 44 Ala. 359; Lee v. Lee, 55 Ala. 590. The bond involved complied with the requirements of the statute. Code 1923, § 8135. No ground for supersedeas is shown. Gravett v. Malone, 54 Ala. 19; Bean v. Harrison, 213 Ala. 33, 104 So. 244; Randall v. Wadsworth, 130 Ala. 640, 31 So. 555.

GARDNER, J. Appellant was one of the sureties on the bond of Z. E. Knowles who was, by the probate judge of Geneva county, Ala., appointed guardian for his minor children, among them appellees Jessie Lee and Lillian G. Knowles, who have reached their majority and married, the former being now Jessie Lee White and the latter Lillian G. Youngblood. Final settlement of said guardianship was had in the circuit court, in equity; decree against the said guardian in favor of the above named wards being rendered for the amounts found to be due them, respectively, in August, 1925, wherein it was provided that if such sums be not paid by the guardian within 30 days execution may issue against him and the sureties "on his guardian bond, J. P. Watson and F. J. Greene."

Appellant filed this petition for a supersedeas of an execution issued in pursuance of said final decree, and prosecutes this appeal from the decree of the circuit court, in equity, denying said petition.

[1] Proceedings for the final settlement of the guardianship of these two wards were begun by petition filed in the probate court of Geneva county, but upon petition of the guardian such proceedings were removed into the circuit court of said county, in equity, for final settlement. The proceedings before the chancellor appear entirely regular, the guardian and these wards being present and participating therein. The final decree rendered thereon was free from any fraud or collusion, so far as here appears, and was therefore conclusive upon, and has the force and effect of a judgment against, the sureties on the guardian's bond. Bean v. Harrison, 213 Ala. 33, 104 So. 244; U. S. Fidelity & Guaranty Co. v. Harton, 202 Ala. 134, 79 So. 600.

[2] But it is insisted the decree appointing the guardian is void for that both the minors and the guardian were nonresidents of the state. These minors at the time of the appointment of such guardian had an estate in Geneva county, Ala., and such appointment was therefore expressly authorized under section 4341, Code of 1907 (section 8098, Code 1923). Nor would the nonresidence of the guardian render the appointment void.

In Speight v. Knight, 11 Ala. 461, it was recognized that the general rule was to appoint a resident guardian, and removal from the state is one of the statutory grounds for removal of a guardian (section 8226, Code of 1923). In making the appointment the father of the child is entitled to a preference. Section 8096, Code of 1923. Whether, under these circumstances, there was any irregularity in the appointment of the father, who was a nonresident, we need not stop to inquire. He filed the petition seeking the appointment, and was so appointed upon executing the required bond. Speaking to this question, the court in Martin v. Tally, 72 Ala. 23, said:

"If he was nonresident when appointed, the appointment was 'not void. It was, at most, irregular and would stand until revoked."

[3] The insistence as to invalidity of the appointment on account of nonresidence of the · guardian and minors is therefore without merit. The administration of said guardianship was removed from the probate court into the circuit court of Geneva county, in equity, upon the petition of the guardian, and the order of removal duly entered in pursuance of the provision of section 8102 of the Code of 1923. It is to be noted also that the jurisdiction of a court of equity and the probate court are concurrent in matters of guardianship. Matthews v. Mauldin, 142 Ala. 437, 38 So. 849, 4 Ann. Cas. 344; Owens v. Grimsley, 44 Ala. 359. The jurisdiction of that court to proceed to final settlement of the guardianship cannot be seriously questioned.

[4] The bond executed by the guardian was in compliance with section 8135 of the Code of 1923, and entirely sufficient therefore as a statutory bond. It was payable to the judge of probate as prescribed by the statute, but it is too clear for discussion that the removal of the guardianship administration from the probate to the equity court in strict compliance with all legal requirements would have no effect as militating in the least against the sufficiency of the bond as a statutory bond. It remained a statutory bond with all its retained force and vigor.

[5] The final decree rendered was against the guardian, with provision that if the sums decreed against him be not paid within 30 days, execution may issue against such guardian and the sureties on his bond, naming them. The issuance of the execution in this case was authorized by virtue of this decree, under the express provision of section 8212 of the Code of 1923, fully applicable to a decree rendered by the equity court upon removal thereto of the administration of said guardianship, as in the instant case.

In Painter v. Mauldin, 119 Ala. 88, 24 So. 769, 72 Am. St. Rep. 902, cited by appellant, it was held the bond was not a statutory bond. The case is therefore here without application, though it may be noted in passing that the statute has been changed to meet that decision. Section 8212, Code, supra; Hannis Dist. Co. v. Lanning, 191 Ala. 280, 68 So. 137. Nor is there anything in the case of Smith v. Jackson, 56 Ala. 25, that· at all militates against the conclusion here reached. The above cited statute also changed the holding in that authority. Nor does the case of Randall v. Wadsworth, 130 Ala. 633, 31 So. 555, add any force to appellant's contention, but rather to the contrary.

Upon consideration of all questions attacking the issuance of the execution in this case, we are unable to see that its issuance was not justified, and therefore conclude the chancellor correctly decreed in denying the petition.

The decree will accordingly be here affirmed.

Affirmed.

SAYRE, BOULDIN, and BROWN, JJ., concur.