142 So. 75

## XENOS v. VAFES.

### 6 Div. 75.

Supreme Court of Alabama.

May 26, 1932.

Clark Williams, of Birmingham, for appellant.

John C. Arnold, of Birmingham, for appellee.

BROWN, J.

The appellee and the appellant each made application to the probate court for the issue of letters of guardianship of the estate of Louis Armenis, a non compos mentis, and resident of Jefferson county, the petition of each alleging that the petitioner was a resident of Jefferson county.

On the hearing of the two applications the court made an order appointing the appellee. Thereafter, the appellant made motion for a new trial on the ground, among others, that the appellee was an alien. The motion was overruled, and exception was duly reserved.

The bill of exceptions recites that: "The testimony tended to show and did show that A. L. Vafes was a resident of Jefferson County, Alabama, and had been for twenty years; that he was not a naturalized citizen of the United States, but was a citizen of the Country of Greece."

It is here insisted that a guardian appointed by the probate court is an officer of the court, and under the provisions of section 2575 of the Code of 1923, appellee, not being a qualified elector, was ineligible to accept the appointment.

While the position of guardian is sometimes referred to as an office, a guardian of the estate of a ward is in fact and law a mere trustee to care for and manage such estate, and the controlling consideration to govern the court in appointing a guardian is the interest of the ward, the safety of his property, and the character of the guardian for integrity and sound judgment. Lee v. Lee, 67 Ala. 406; Boylan v. Kohn et al., 172 Ala. 275, 55 So. 127; Hall et al. v. Hall et al., 43 Ala. 488, 94 Am. Dec. 703; McLean & Wife v. Hosea and Godbold, G'd'ns, 14 Ala. 194, 48 Am. Dec. 94.

There is nothing in our statute, nor in the common law as administered in this state, that denies to the probate court the power of selecting and appointing a person not a qualified elector if he possesses the requisite qualifications to hold and administer the trust. Boylan v. Kohn et al., supra; Watson v. White et al., 216 Ala. 396, 113 So. 260; Desribes v. Wilmer, 69 Ala. 25, 44 Am. Rep. 501.

We therefore hold that a guardian is not an officer within the purview of section 2575 of the Code. Wilson v. State, 171 Ala. 25, 54 So. 572.

This disposes of the only question presented by this appeal, and, the record being free from error, the judgment of the probate court will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.