21  597
66  66

21  597
74  70

21  597
77  184

FERRY <em>against</em> BURCHARD:

IN ERROR.

By a true construction of the statute authorizing the magistrate, before whom two or more persons are brought, on complaint of an offence by them jointly committed, and a finding of probable cause, he is authorized to require each of them to become bound, with surety, for his own appearance only, before the court having cognizance of the offence.

Therefore, where a justice of the peace, before whom *A* and *B* had been brought for examination, having found that there were probable grounds for

supporting the complaint on which they had been arrested, ordered them to become bound, with surety, in a recognizance, conditioned that they should appear before the county court, at a time and place specified, to answer to such complaint, and abide the decision of the court thereon; and thereupon *A* and *B*, as principals with *C*, as surety, acknowledged themselves jointly and severally bound, in the sum required, conditioned that *A* and *B* should so appear, &c.; *A* and *B* made default of appearance; and in a suit brought on such bond of recognizance against *C*, it was held, 1. that the order of the justice, by a just construction, required each of the principals to become bound for the appearance of the other; 2. that the justice was not authorized by law to make such order; 3. that as the bond was required of *A* and *B* as the condition of their liberation from imprisonment, it was not a voluntary bond on their part, but one entered into under duress; 4. that as against *A* and *B*, the bond was void; 5. that it was equally void, as against *C*, the surety, as well from the want of authority in the justice to require it, as from the nature of the undertaking of a surety; 5. that where the matters above stated appear in the declaration, the defendant may avail himself of his defence, by demurrer.

THIS was an action of debt on bond, brought by *Elias Burchard,* as treasurer of the county of *Fairfield,* against *Orris S. Ferry.*

The bond in question was a recognizance, entered into by *Ferry,* as surety for *Jesse B. Raymond* and *Lewis Raymond,* by order of a justice of the peace. The arrest and proceedings before the justice are minutely set forth in the declaration. The order of the justice and the recognizance thereupon entered into, after alleging the finding of the court, that there were probable grounds for supporting the complaint, are thus stated: "Whereupon it was considered by said court, that said *Jesse B. Raymond* and *Lewis Raymond* become bound, with surety, in a recognizance of two hundred dollars, to the treasurer of the county of *Fairfield,* conditioned that said *Jesse B. Raymond* and *Lewis Raymond* appear before the county court, to be holden at *Fairfield,* on the second *Tuesday* of *December,* 1849, then and there to answer said complaint, and abide the decision of said court thereon; whereupon, at said *Wilton,* on said 23rd day of *November,* 1849, said *Jesse B. Raymond* and *Lewis Raymond,* as principals, and *Orris S. Ferry,* as surety, acknowledge themselves, jointly and severally, bound to the treasurer of *Fairfield* County, in the sum of two hundred dollars, on condition that said *Jesse B. Raymond* and *Lewis Raymond* should appear before the county court, to be holden

at *Fairfield,* within and for the county of *Fairfield,* on the second *Tuesday* of *November,* 1849, then and there to answer to said complaint, and abide the decision of said court thereon." The calling of the principals, at the county court, and their default of appearance, were then alleged.

To the declaration of the plaintiff the defendant demurred; and thereupon judgment was rendered for the plaintiff. The defendant then filed his motion in error, bringing the record before this court for revision.

*Dutton* and *Ferry,* for the plaintiffs in error, contended, 1. That the bond was illegally taken, and is void. *Stat.* 254. § 148. *Lester* v. *State,* 11 *Conn. R.* 415. *Armstrong* v. *The United States, Peters' C. C.* 47. *United States* v. *Brown, Gilpin,* 155. 14 *S. & R.* 380. *Fanan* v. *United States,* 5 *Peters,* 374. *United States* v. *Tingey,* 5 *Peters,* 129. *United States* v. *Morgan,* 3 *Wash. C. C.* 10. *United States* v. *Gordon,* 7 *Cranch,* 287.

The statute does not authorize a magistrate to require a defendant in a criminal cause, wherein there are several defendants, to procure surety for his co-defendants. Such a contradiction would involve this absurdity : a complaint is preferred against *A* and *B* for an offence cognizable by the superior court; *A* has friends and means; *B* has neither. The magistrate thereupon demands of *A,* under penalty of committal, a bond with surety, conditioned not only for his own appearance, but for that of *B* also. The same section which clothes the magistrate with any power to require bonds, also enjoins upon him, in case his order is not complied with, to commit. The very fact of his requiring such a recognizance as the present, implies *duress.*

2. That if the bond is void, as to any of the parties, it is as to all. The claim, that the responsibility of the surety is at all altered, because he is a surety, is not set up, in any of the cases above cited, many of which are against the surety alone.

3. That no presumption of law or justice would require the defendants in the original complaint to make a tender of a legal bond in order to avoid the effect of an illegal one.

4. That the plea is correct. It is unnecessary to plead duress, when it appears on the face of the declaration. In the case of the *United States* v. *Tingey,* where duress was

pleaded, the declaration did not exhibit, in any way, this defect in the plaintiff's cause of action.    But when the plea of duress was demurred to, the bond was pronounced *void.*

*Hawley* and *W. F. Taylor,* (state's attorney,) contended, That the bond in question was not entirely void, by reason that each of the persons complained of was required to become bound for the other.

The order of court is to be construed according to its *apparent intent ;* and no one can fail to see, on reading it, that the court did not intend to require *each* prisoner *to become bound for the other :* it requires each to become bound, with surety, for *his own appearance,* and this is all.    If each had tendered or offered to give, *such a bond,* it clearly would have been a *compliance* with the order.

The doings of justices are to be *liberally construed,* where there can be no doubt of their intent    *King* v. *Fuller,* 3 *Caines,* 152.    *Day* v. *Wilbur,* 2 *Caines,* 134.    *Pintard* v. *Tackington,* 10 *Johns. R.* 104.    *Kline* v. *Husted,* 3 *Caines,* 275.    *Picket* v. *Weaver,* 5 *Johns. R.* 122.    *Rex* v. *Claxton,* 3 *East* 58.    *Adams* v. *Supervisors,* 8 *Johns. R.* 323.

Courts construe sealed contracts, *deliberately* made, *quite liberally.*    *Chitt. Pl.* 5. 7.    1 *Sw. Dig.* 133.    *James* v. *Emery,* 8 *Taunt.* 245.    *Ecclestom* v. *Clipshan,* 1 *Saund.* 153. *&. seq.*    *Anderson* v. *Martindale,* 1 *East,* 498. (very apposite.) 1 *Selw. N. P.* 480. 485. *n.*

A covenant by several persons may be taken *distributively,* though there be no *express words* of *severalty.*    Words, though never so joint, shall be taken severally, when they have a distinct subject matter to work upon.    *Shep. Touch.* 167. *n.*    *Gridley* v. *Starr,* 1 *Root,* 281. is much in point.

In ascertaining whether a contract be joint or several, the only question is, whether the *interest* is *joint* or *several.* *Servante* v. *James,* 10 *B. &. Cres.* 410. (21 *E. C. L.* 98.)

Now, construe the judgment, just as you would a covenant, and the result is very clear.    And this gives the construction both of the *order* and the *bond.*    If so, then the whole difficulty is at end ;—and if all the obligors *were sued,* there could be no objection taken by *any* of them.    If this were not so, should not the record shew, that they offered to be *severally bound,* and were refused, and that they were

*compelled* to give this bond? As no such fact appears, they must be considered as having voluntarily given this bond; and if they have *voluntarily* become bound for each other, they severally cannot object.

At any rate, *Ferry* cannot object. He was under no duress. He has voluntarily assumed his obligation to have both in court; and this, by his several obligation. The case, therefore, stands on the same ground, as if he had given a sole bond, the others not having joined in it.

In case of a joint and several bond, duress of one constitutes no defence for the other. A surety cannot plead duress of his principal. 1 *Sw. Dig.* 311. citing *Roll. Abr.* 687. *Cro. Jac.* 187. 1 *Selw. N. P.* 565. *Chitt. Cont.* 208. *Bac. Abr. tit.* Duress. B. *Worcester* v. *Eaton*, 13 *Mass. R.* 371.

STORRS, J. As the recognizance, on which the action against the plaintiff in error was brought, was entered into by him jointly with the principals for whom he was surety, pursuant to the order of the justice of the peace by whom the latter were bound over for trial to the county court, and the authority for requiring and taking it, is conferred solely by statute, if its condition is different from that which the statute prescribes in such cases, it is void, at least as against such principals, for a want of power or jurisdiction in the magistrate to take it. It is also voidable, in such case, on the ground, that, as it was one which he had no right to take, and was required, as the condition of their liberation from imprisonment, it must be deemed to have been not a voluntary bond on their part, but one entered into under duress.

It appears from the declaration, that this bond was such an one as the order of the justice required. If, as the plaintiff in error claims, that order directed each of the principals in it to become bound, that the other should appear before the county court and abide its judgment, it is clearly unauthorized, by the 148th section of the "act concerning crimes and punishments," under which it is claimed to have been made. *Stat.* 254. By the true construction of that section, where several persons are jointly complained of before a justice, each of them, on a finding of probable cause,

*Fairfield,*
*June, 1852.*

Ferry
*v.*
Burchard.

is to be required to become bound, with surety, only for his own appearance before the court having cognizance of the offence.

There being no recital of the order or recognizance in the pleadings, we can know nothing of the import of either of them, excepting from the averments in the declaration, where they are not described in terms, but only according to their legal effect. It is there alleged, that it was considered by the justice, "that the said *J. B. R.* and *L. R.* (the principals complained of,) become bound, with surety, in a recognizance, &c., conditioned that the said *J. B. R.* and *L. R.* appear before the county court, &c., and abide, &c.." and that thereupon "the said *J. B. R.* and *L. R.* as principals, and *O. S. F.* (the plaintiff in error,) as surety, acknowledged themselves jointly and severally bound to the treasurer, &c., in a recognizance, &c., on condition that the said *J. B. R.* and *L. R.* should appear before the county court, &c., and abide, &c." The language of this allegation, in its ordinary and popular meaning, is clearly not susceptible of the construction that each of these principals was to become bound for the appearance of himself only, and not of the other. It is expressly and explicitly stated, that both were to be bound for the appearance of both, and of course each was to be bound for the appearance of the other.

The defendant in error endeavors to bring some of the rules of construction which have been adopted in reference to the proceedings of inferior magistrates, and to contracts, to bear upon this question, and claims, that, according to those rules, the order and recognizance are to be taken distributively with regard to the principals, so that each of them should be deemed to be holden only for his own appearance. Those rules of construction, however, are not applicable to pleadings, of which the declaration is a part. The rule as to them, is, that, in cases of doubt, they are to be construed most strongly against the pleader; who in this case is the defendant in error, the plaintiff below. The question here respects the meaning of the allegations in the declaration, and not of the order of the magistrates and recognizance, excepting as they are described by those allegations. Whether if the record of the order and bond were set out before us, and we were called on to put a construction upon them,

we should give to them the distributive meaning here claimed for them, it is unnecessary to determine. On that point, it is enough to say, that they are not before us.

This bond, therefore, as against the principals in it, is void.

We are of opinion that it is also void, against the surety. In the first place, the objection to it, growing out of a want of authority in the magistrate to take it, applies equally to the surety of the principals, and renders it a nullity to all intents. In the next place, the nature of the undertaking of a surety is such, that there can be no obligation on his part, unless there is an obligation on the part of the principal. It is correctly laid down, in *Chitty* on *Contracts*, (*p.* 499.) that the contract of a surety is a collateral engagement for another, as distinguished from an original and direct agreement for the party's own act; and, as stated in *Theobald* on *Principal and Surety*, (*p.* 2.) it is a corollary from the very definition of the contract of suretyship, that the obligation of the surety, being accessory to the obligation of the principal debtor or obligor, it is of its essence that there should be a valid obligation of such a principal, and that the nullity of the principal obligation necessarily induces the nullity of the accessory. Without a principal, there can be no accessory. Nor can the obligation of the surety, as such, exceed that of the principal. In the present case, the recognizance of the principals being void, they were not bound by law to appear before the county court : hence it would be absurd to hold their surety liable for their non-appearance. In the last place, it would be most unjust and incongruous to hold the surety liable, where the principal is not bound; of which remark the present case would be a strong illustration, if the surety here were to be held liable. On the recovery against him, the whole loss of what he should be compelled to pay, would fall upon him, unless he would have a right to reimbursement from the principals; and if he would be entitled to indemnity from them, they would be in no better condition than if the bond were held to be valid against them.

The defendant in error has endeavoured to sustain the judgment below, on the ground that the recognizance was entered into voluntarily, by the plaintiff in error, as surety; and that it is not competent for him to set up, that it was

*Fairfield,*
June, 1852.

Ferry
*v.*
Burchard.

*Fairfield,*
June, 1852.

Ferry
*v.*
Burchard.

obtained by duress from the principals. It is not however necessary to examine this point, as we have already decided, that the recognizance is void, as well against the surety as the principals, on another ground, namely, that there was no authority in the magistrate to impose or take such an obligation.

This view of the case also disposes of the claim, that the defendant below could avail himself of his defence against the suit only by plea, and not by demurrer. If his defence was founded only on the duress of his principals, (supposing that such a defence would be available to him, which it is not necessary to examine,) perhaps it might properly be claimed, that, as such duress would make the obligation voidable only, but not void, and as it therefore would be good until avoided, the special matter of avoidance should be set up by plea. But as the declaration shews, that the bond was one which the magistrate had no power to take, and that it is therefore absolutely void, it discloses no cause of action, and a special plea was unnecessary.

For these reasons, the judgment of the superior court is reversed.

In this opinion the other judges concurred.

Judgment reversed.