SHELBY COUNTY v. SIMMONDS *et al.*

1. Parties: RECOGNIZANCE: FORFEITURE. When a recognizance taken in the name of the State for the appearance, at the district court of the county, of a defendant in a criminal prosecution, becomes forfeited, suit thereon may be properly brought in the name of the county.

2. Pleading: BAIL BOND. Under an averment in the petition in an action on a forfeited recognizance that ' the bond was taken in writing in such manner and form as the law provides and directs," it will be understood that all of the requirements of the law applicable in such cases were complied with.

*Appeal from Shelby District Court.*

THURSDAY, FEBRUARY 22.

DEFENDANT was indicted for an assault with intent to commit a great bodily injury, and, upon his arrest, gave bond for his appearance to answer, the indictment. The other defendants are his securities upon the bond. The bond was forfeited by the failure of defendants to answer to the indictment, and this action is brought to recover the penalty thereof. A demurrer to the petition was sustained and plaintiff appeals.

*Kellogg & Lewis* for the appellant.

*Clinton, Hart & Brewer* for the appellee.

BECK, Ch. J. — The petition sufficiently alleges the facts that defendant was indicted and arrested, and that the

**1. PARTIES: recognizance: forfeiture.** judge of the district court of Shelby county, wherein the indictment was found, ordered that he be admitted to bail in the sum named in the bond sued on as the penalty thereof. The petition then avers that the officer making the arrest did "admit him (defendant) to bail in the sum of $500, which said bond was taken in writing, in such manner and form as the law provides and directs, and was signed by all of the defendants, naming them. A copy of the bond is then set out. The failure of defendant to appear and answer the indictment and the default and forfeiture adjudged by the court are also sufficiently averred.

The grounds of the demurrer, which were adjudged to be well taken, are as follows:

1. The county of Shelby is not the proper party plaintiff.

2. The petition does not show that the bond sued on was acknowledged before and accepted by a magistrate, or other officer, as required by law, or that defendant was discharged from custody upon the instrument. .

3. The petition shows that the bond sued on was taken without the signers thereto justifying, and contrary to law, and is therefore void.

We will proceed to consider these objections in the order in which they are made.

I. It is shown that defendant was indicted in Shelby county, and that the recognizance required him to appear and answer the charge in the district court of that county.

The action upon the instrument, to recover the penalty, is brought in that court. The amount collected is to be paid into the treasury of Shelby county for the use of the school fund. Rev., §§ 3729, 4993; *Decatur County* v. *Maxwell*, 26 Iowa, 398. The county of Shelby is, under the law, the proper party to receive and hold the money due from defendants upon the bond; it is, so to speak, a trustee, named by the law, of the school fund, of which

the penalty of the bond, when collected and paid, becomes a part. The bond in this case was executed to the State, but the money forfeited thereon is to be paid into the county treasury, as a trust fund, for the benefit of the schools of the State. It clearly appears, from the foregoing considerations, that the county is the only party entitled to receive the money. There exists no party, for whose benefit the money is held by the county, that may prosecute an action. Neither the people nor the different school organizations can prosecute the suit in their names. The county, therefore, is a proper party in whose name the action may be prosecuted. Rev., §§ 2757, 2758. We do not determine that the action could not be properly brought in the name of the State.

II. The other grounds of the demurrer may be considered together. Under the averment of the petition

**2. PLEADING: bail bond.** that the bond "was taken in writing in such manner and form as the law provides and directs," it must be understood that the requirements of law, applicable to such cases, were complied with. The approval of the bond, and its acknowledgment by the securities, their justification, etc., all of which are directed in chapter 227 of the Revision, are sufficiently covered by the averment of the petition above quoted. If the bond was taken "in the manner and form as the law provides," it is to be presumed that all requirements relating thereto, both mandatory and directory, were observed. The allegation that the defendant was "admitted to bail" must be understood to mean that he was discharged upon his recognizance. We do not determine that compliance with the provisions of the law above referred to are necessary to be shown, in order to sustain the validity of the instrument.

In our opinion, the demurrer was improperly sustained. The judgment of the district court is therefore

Reversed.