74  373
88  550

[No. 12137. In Bank.— December 21, 1887.]

THE PEOPLE, RESPONDENT, v. E. E. STACY ET AL., APPELLANTS.

OFFICIAL BOND — LICENSE COLLECTOR — FORM OF BOND — ACTION ON MAY BE BROUGHT BY STATE. — The board of supervisors of a county has authority to appoint a collector of license taxes, and the bond given by that officer for the faithful performance of his duties is an official bond, and under section 958 of the Political Code should be made payable to the state of California. And under section 369 of the Code of Civil Procedure, an action to enforce such a bond is properly brought in the name of the state.

ID. — SURETIES — LIABILITY OF THOSE SIGNING. — Sureties signing an
official bond without affixing any condition or limitation to their lia-
bility are jointly and severally liable thereon after its acceptance and
approval, although a person named in the body of the bond as surety
did not sign it, and although as to one of the sureties signing no sum
was stated in the bond for which he was bound.

APPEAL from a judgment of the Superior Court of
San Bernardino County.

The facts are stated in the opinion.

*H. C. Rolfe,* and *C. J. Perkins,* for Appellants.

*Attorney-General Johnson,* and *Andrew B. Paris,* for
Respondent.

BELCHER, C. C.—It is alleged in the complaint that
on the third day of August, 1885, one H. T. Walker was
appointed by the board of supervisors of San Bernardino
County a license-tax collector for the first supervisoral
district of that county; that to secure the faithful per-
formance of the duties of the office, Walker gave a bond
in the penal sum of three thousand dollars, which was
accepted and approved by the chairman of the board;
and that subsequently one of the sureties on his bond
withdrew, and he thereupon gave a supplemental bond,
which was also accepted and approved by the chairman
of the board. It is further alleged that Walker, while
acting as such tax collector, collected the sum of $1,650.50
for licenses, and that he converted the money to his own
use, and failed to pay over any part of it to the county.
This action was brought against the sureties on his
bonds to recover the amount of money alleged to have
been so collected and appropriated. In the court below,
judgment was rendered in favor of the plaintiff, and
from that judgment the defendants have appealed.

1. It is claimed for the appellants that the action was
improperly brought in the name of the people of the
state of California. The answer to this objection is, that

the board of supervisors had authority to appoint a collector of license taxes (*People* v. *Ferguson,* 65 Cal. 288; *County of Amador* v. *Kennedy,* 70 Cal. 458), and the bonds given by their appointee for the faithful performance of his duties were official bonds. (*Hubert* v. *Mendheim,* 64 Cal. 213.) The Political Code provides that " all official bonds must be . . . . made payable to the state of California" (section 958), and "every official bond executed by any officer pursuant to law is in force and obligatory upon the principal and sureties therein to and for the state of California, and to and for the use and benefit of all persons who may be injured or aggrieved by the wrongful act or default of such officer in his official capacity." (Sec. 961.) The Code of Civil Procedure also provides that " an executor or administrator, or trustee of an express trust, or the person expressly authorized by statute, may sue without joining with him the persons for whose benefit the action is prosecuted. A person with whom or in whose name a contract is made for the benefit of another is a trustee of an express trust within the meaning of this section." (Sec. 369.) Now, the contracts sued on in this case were made in the name of the state for the benefit of the county, and an action upon them was therefore expressly authorized to be brought in the name of the state. (See *Shelby Co.* v. *Simmonds,* 33 Iowa, 345.)

2. It is further claimed that the original bond was void because one William Reed was named as a surety in the sum of one thousand dollars in the body of the bond, but never signed it; and because one C. P. Hall signed the bond, but no sum was stated in the body of it for which he was bound. The principal was bound in the sum of three thousand dollars, and each of the sureties in the sum of one thousand dollars; and so far as appears, there were no conditions or stipulations by the sureties, when they signed, requiring other signatures or affixing any limitations to their liability. The

sureties became therefore jointly and severally liable on the bond when it was accepted and approved. (Pol. Code, sec. 956.) A bond signed under such circumstances is valid as against the parties signing it. It was so held in *Los Angeles* v. *Mellus*, 59 Cal. 444, where similar objections were made to the bond involved in that case. (See also *State* v. *Pepper*, 31 Ind. 76.) The objections of appellants cannot therefore be maintained; and as the foregoing are the only points made by them, the judgment should be affirmed.

HAYNE, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.