GOODYEAR DENTAL VULCANITE COMPANY *vs.* THOMAS
H. BACON.

Suffolk.    March 13, 1890. — May 10, 1890.

Present: FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Bond — Delivery in Incomplete Condition — Liability of Surety.*

In an action against a surety on an instrument alleged to be a bond, purporting to
be signed by the principal and under seal, but unsigned by him and unsealed,
the defendant testified that he relied on the principal's signing the instrument,
and did not consent to a delivery without it, nor understand that he was to be
bound unless the principal signed it.    *Held,* that a finding was warranted that
the surety was not liable.

CONTRACT against the defendant, as surety on a written in-
strument alleged to be a bond.    After the former decision, re-
ported 148 Mass. 542, the case was tried in the Superior Court,
without a jury, before *Barker,* J., who found for the defendant,
and allowed exceptions, which appear in the opinion.

*F. C. Swift,* for the plaintiff.

*J. R. Bullard,* for the defendant.

DEVENS, J.    The instrument in suit purports to be the bond
of Caduc as principal, and of the defendant and others as sure-
ties, in different sums respectively, for the faithful performance
by Caduc of his duties as treasurer of the plaintiff company.
It was held at a former hearing, that a demurrer to the dec-
laration thereon, based upon the reason that it did not appear
thereby that the principal had ever signed the bond upon which
it was sought to hold the defendant as surety, could not be sus-
tained.    *Goodyear Dental Vulcanite Co.* v. *Bacon,* 148 Mass. 542.
" If the defendant," it was said, " knowing that Caduc had not
signed it as principal, but intending nevertheless to be himself
bound as surety, executed the bond and delivered it as it is,
as and for his bond, he may be held liable upon it.    Caduc
was liable without a bond."

At the present trial, the defendant testified, without contra-
diction, that " he had not consented to the principal not signing,
nor to the delivery without such signature ; that he signed at

the request of the proposed principal, and relied on his signing; that nothing was said on the subject." He also added, the plaintiff objecting, " that he did not understand he was to be bound unless the principal signed." Upon this evidence, the plaintiff asked the court to rule that it was entitled to judgment; but the court held that, upon this evidence, it was not bound to find for the plaintiff, and found for the defendant.

When the so called bond was delivered to the plaintiff, it was in an imperfect condition; while purporting to be signed by the principal, it was not so signed, and while purporting to be under seal, no seals had been affixed. The plaintiff had possession of and produced the instrument, which is evidence of a delivery to it, but not necessarily of any delivery by the defendant, who, without contradiction, denied any delivery by himself, or any authority from him to deliver the same in its then condition. Even if the testimony, as the plaintiff contends, shows simply that the defendant signed the bond and left it with the principal without imposing any restriction upon its delivery or making any condition that it should not be delivered until signed by the principal or somebody else, it was still competent for the judge to find, from the facts stated by the defendant, in connection with the usual habits of business and the obviously unfinished condition of the instrument itself, that no intention was shown that it should be delivered to the obligee except after it was completed, and thus that the signature of the defendant was provisional only. An instrument like that in suit ordinarily is and should be executed by all the intended parties. It was for the plaintiff to show that, although not thus executed, the defendant had consented to its delivery under such circumstances that it would bind him, even if it were inoperative and invalid as against the principal. *Adams* v. *Bean*, 12 Mass. 137. *Bean* v. *Parker*, 17 Mass. 591. *Wood* v. *Washburn*, 2 Pick. 24. *Russell* v. *Annable*, 109 Mass. 72.

The case at bar is readily distinguishable from those cases where the bond has been delivered in a perfect condition to the obligee, and where he has had no notice that it contemplated that it should have signatures and seals which it did not bear. *White* v. *Duggan*, 140 Mass. 18. *Wild Cat Branch* v. *Ball*, 45 Ind. 213.

The view we have taken of the question discussed renders it unnecessary to consider whether the instrument could properly be declared on as a bond, no seals having been affixed thereto.

*Exceptions overruled.*