DOLE BROTHERS COMPANY *vs.* COSMOPOLITAN PRESERVING COMPANY & others.

Suffolk. November 12, 1896. — February 23, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Bond — Unauthorized Signature of Principal by Agent — Defence by Surety having Reasonable Cause to know Want of Authority.*

Reasonable cause to know, on the part of the sureties upon a bond purporting to have been executed by the principal by the hand of an agent, of the agent's want of authority to sign the bond for his principal does not deprive them of the right to set up such want of authority in defence to an action on the bond.

CONTRACT, against the first named defendant as principal, and the other defendants, Hiram N. Lathrop and J. B. Wentworth, as sureties, upon a bond given to dissolve the attachment. Trial in the Superior Court, without a jury, before *Mason*, C. J., who found for the defendant principal, and for the plaintiff as against the defendant sureties ; and they alleged exceptions. The facts appear in the opinion.

*C. E. Allen*, (*H. H. Newton* with him,) for the defendant sureties.

*H. J. Boardman & P. G. Bolster*, for the plaintiff, submitted the case on a brief.

KNOWLTON, J. The defendants Lathrop and Wentworth are sued as sureties upon a bond to dissolve an attachment.

The instrument purports to be a bond of the Cosmopolitan Preserving Company as principal, and Lathrop and Wentworth as sureties, and to be signed and sealed by the principal by the hand of an agent. In fact, the agent had no authority to sign for the corporation, and the question is whether the sureties can be held on the bond.

It is well settled that, upon the face of the paper and the facts stated above, without more, they do not appear to be liable. Such an instrument is supposed to be signed by the sureties as a contract binding upon the principal as well as upon themselves. They may be presumed to rely upon the right of the obligee to proceed against the principal, and upon their own right to recover from him under the instrument if they are compelled to pay for his benefit. *Bean* v. *Parker*, 17 Mass. 591, 604. *Herrick* v. *Johnson*, 11 Met. 26. *Russell* v. *Annable*, 109 Mass. 72. *Mattoon* v. *Barnes*, 112 Mass. 463, 466. *Goodyear Dental Vulcanite Co.* v. *Bacon*, 151 Mass. 460. The instrument as delivered was not what it purported to be, and not what the sureties, if they judged from the instrument alone, must have supposed it to be. Without further proof, they cannot be held upon it.

The remaining question is whether upon the findings of the judge the case is taken out of the general rule above stated. It is found that they knew, or had reasonable cause to know, that the agent had no authority to execute the bond in the name of the corporation. This finding was enough to justify the judge in refusing to rule, as matter of law, that the defendants were not liable. If they knew that the bond was improperly executed, when from the circumstances it would naturally be inferred that the plaintiff was relying upon it as properly signed, and binding upon both the principal and sureties, they ought to be estopped from setting up the invalidity of their promise. The judge went further, and ruled, as matter of law, upon the facts found that they were liable. He did not find that they had any knowledge of the agent's want of authority, but only that they had reasonable cause to know it. If in fact they had no knowledge or belief of it, they are not culpable in their dealings with the plaintiff. They owed the plaintiff no duty to investigate in regard to the validity of the signing for the principal, and it was certainly as much the plaintiff's duty as theirs to ascertain the facts.

Whatever might be their duty to the defendant corporation as directors, there was no negligence as between them and the plaintiff in their failure to discover facts in regard to the agent's want of authority, even if they had reasonable cause to know them. Their ignorance does not work an estoppel against them, nor in any way affect their right to have the ordinary rules of law applied when the plaintiff seeks to hold them on an instrument that was not signed by the principal.

They were not taking action, the validity and effect of which it was their duty to ascertain, so far as it depended upon what had previously been done by others. If it appeared that they were, the principle which is sometimes applied in cases of alleged ratification by a principal of acts done in his behalf might be invoked, and it would be held that, if they were taking action which ought to be founded on knowledge, their wilful shutting of their eyes to facts, and deliberate determination to proceed without regard to facts, would be equivalent to knowledge. *Combs* v. *Scott*, 12 Allen, 493. *Kelley* v. *Newburyport & Amesbury Horse Railroad*, 141 Mass. 496, 499. *Murray* v. *C. N. Nelson Lumber Co.* 143 Mass. 250. *Wood* v. *Bullard*, 151 Mass. 324, 328. *Phosphate of Lime Co.* v. *Green*, L. R. 7 C. P. 43. It does not appear that they wilfully or deliberately ignored the facts. They may have been merely ignorant or obtuse.

*Exceptions sustained.*