FRED C. BOWDITCH, assignee, *vs.* ALPHEUS K. HARMON.

Norfolk.   January 12, 1903. — May 21, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Bond.   Attachment,* Bond to dissolve.   *Surety.*

A bond purporting in its recitals to be executed by a principal and sureties, and signed by the sureties alone, is not binding on them, in the absence of evidence to show that they intended to be bound whether the principal signed or not.

Under Pub. Sts. c. 161, § 122, as later expressly provided by R. L. c. 167, § 116, a master in chancery passed only upon the financial sufficiency of the sureties on a bond to dissolve an attachment, and did not pass upon the form or the execution of the bond.

TORT against the sheriff of Plymouth County.   Writ dated February 15, 1901.

In the Superior Court the case was tried before *Mason,* C. J., who ordered a verdict for the defendant.   The plaintiff alleged exceptions, raising the questions stated by the court.

*H. W. Brown,* for the plaintiff.

*T. H. Buttimer,* for the defendant.

BRALEY, J.   This is an action of tort brought against the defendant as sheriff of the County of Plymouth for an alleged breach of duty on the part of Charles L. Spring, his deputy, in that Spring wrongly released an attachment of personal property made by him upon a writ in a suit brought by the plaintiff against Harold R. West.   At the trial in the Superior Court it appeared that the suit against West was begun July 27, 1900, by a writ of summons and attachment returnable into the Second District Court for the County of Plymouth.   The writ was duly put in the hands of Spring as a deputy sheriff for service, and he was instructed by the plaintiff's attorney to attach personal property of West and place a keeper in charge thereof.   This Spring proceeded to do.   He made the attachment as directed, placed a keeper in charge of the property, and made service of the writ on West.   Subsequently Spring removed his keeper and released his attachment, setting out in his return on the writ that " afterwards, . . . a bond dissolving said attachment having been filed

in the office of the clerk of the court, to which this writ is returnable, I withdrew my keeper, and left said property where and as I found it." The bond given being in the usual form of a bond to dissolve an attachment, and notice of the time and place of hearing having been waived by counsel for the plaintiff, was approved by a master in chancery, who made this indorsement thereon : " The above sureties and bond are approved by me." As a matter of fact, West, the defendant in the suit and principal named in the bond, did not execute it. The exceptions recite : " There was evidence from which the jury might have found that if the defendant was liable for the release of the attachment by Spring, the plaintiff was damaged thereby " ; and a verdict having been ordered for the defendant, the case is here on exceptions of the plaintiff to the ruling.

The bond, though purporting in its recitals to be executed by a principal and sureties, was in fact executed by the sureties alone, and in the absence of evidence to show that they intended to be bound whether the principal signed or not, is not binding on them. *Dole Brothers Co.* v. *Cosmopolitan Preserving Co.* 167 Mass. 481, 482. And there is no evidence in this case to take it out of the rule. The bond was therefore invalid, and the plaintiff could not have maintained an action thereon. Under the facts of this case the deputy sheriff, having made the attachment as directed, was not justified in releasing the property attached unless the bond given dissolved it; and in an action against him for so doing, the burden of proof is on him to show that the release was justifiable. And the defendant stands no better. *Ladd* v. *North*, 2 Mass. 514, 516. *O' Grady* v. *Keyes*, 1 Allen, 284.

The defendant recognizes this and contends that the burden is sustained because the bond so filed was duly approved, not only as to the sufficiency of the sureties but also as to its form and execution, by a proper magistrate ; and that by such approval, as matter of law, the attachment was dissolved. This raises the principal question in the case.

Pub. Sts. c. 161, § 122, under which this bond was given, provides that a defendant may dissolve an attachment " by giving bond with sufficient sureties, to be approved by the plaintiff or his attorney in writing, or by a master in chancery, or by

a justice of a court of record, or of a police, district, or municipal court"; and by § 123, that before such bond is approved by a magistrate, "the same notice of the time and place of the hearing thereon shall be given to the plaintiff or his attorney as is required upon the taking of depositions."

The origin of this statutory provision is found in St. 1838, c. 163, § 20, where for the first time it was provided that an attachment of personal property might be dissolved "by giving bond with sufficient sureties, to be approved by the court in which the action is pending, or by any justice thereof, or by any justice of the Supreme Judicial Court" to pay the judgment. This relieved the attaching officer of the reponsibility of passing upon the sufficiency of the sureties upon such a bond. The fact whether a bond has been signed by a principal and sureties or contains the statutory conditions is apparent upon its face, and in order to ascertain this no judicial inquiry would seem to be necessary. On the other hand the financial standing and responsibility of the sureties does not appear and cannot be determined by inspection, but is found only after investigation and a hearing. An officer making an attachment of personal property might not be expected to ascertain and pass upon the question of the financial standing and acceptance of proposed sureties upon such a bond, while he would not be at all embarrassed if called upon to decide as to its form and whether it was properly executed. To relieve him of this responsibility of determining whether proposed sureties should be accepted, the statute provides a satisfactory way whereby, after notice and hearing, a magistrate who is qualified under the statute to act, can determine and pass upon this question.

While it is possible to say that the magistrate who approves the bond passes on both questions, and decides not only as to the financial standing and responsibility of the sureties but also as to its form and due execution, we are of opinion that it is more satisfactory to hold that he finds and determines only the sufficiency of the sureties, and that the form of the bond and whether it is legally executed is not subject to his approval, at least to the extent that the attaching officer is thereby relieved of the responsibility of ascertaining, before he releases attached property without the authority of the plaintiff, that the bond given to dis-

solve the attachment conforms to all necessary legal requirements. This puts upon him no greater responsibility than he now assumes when approving replevin bonds, bail bonds, and bonds given under R. L. c. 167, § 88, for the appraised value of personal property attached and to take its place.

Our construction of Pub. Sts. c. 161, § 122, appears in R. L. c. 167, § 116, which provides for the approval by the magistrate of only the sureties on the bond.

The defendant relies on the case of *O'Hare* v. *Downing*, 130 Mass. 16, which was a suit in equity. The bill, among other things, alleged that a bond had been given to dissolve an attachment with sureties duly approved by a master in chancery, and was filed with the clerk of the court to which the writ was returnable, "and dissolved the attachment." A demurrer to the bill was overruled, and the language of the opinion that " upon the due approval and filing of the bond, the attachment was by law dissolved, without any order of the court to that effect," must be taken as applied to the facts of that case, where no question was raised as to the form or due execution of the bond. The form of approval used and considered by the court being "The above sureties are approved by me." For this reason the case cannot be considered an authority for the proposition that the approval of such a bond under the statute covers anything more than the acceptance of the sureties.

The act of the deputy of the defendant in releasing the attachment was therefore unauthorized, and, being a breach of official duty, all damage suffered by the plaintiff by reason thereof may be recovered of the defendant. *Esty* v. *Chandler*, 7 Mass. 464. *Draper* v. *Arnold*, 12 Mass. 449. *Campbell* v. *Phelps*, 1 Pick. 61, 66.

                                        *Exceptions sustained.*