# D. R. GOUCHER, Appellant, v. CARTHAGE NOVELTY COMPANY, Respondent.

**Kansas City Court of Appeals, February 5, 1906.**

**BILLS AND NOTES:** Notice of Dishonor: Mailing: Evidence. The burden is on the plaintiff to show that notice of the dishonor of a note is mailed in proper time, and testimony that it was put in an envelope and placed with the outgoing mail, which was every day taken to the post office by G, is insufficient where G does not testify that he took the mail on that day to the post office.

Appeal from Jasper County Circuit Court.—*Hon. Hugh Dabbs,* Judge.

AFFIRMED.

*Perkins & Blair* for appellant.

(1) Whether in a given case notice sent through the post office is sent by the proper mode is a question of law when the facts are ascertained and undisputed. Linville v. Welch, 29 Mo. 203; Sanderson's Admr. v. Reinstadler, 31 Mo. l. c. 487; Bank v. Lawrence, 1 Pet. (U. S.) 682; Bank v. Bender, 21 Wend. 643. (2) It is a general rule that where the endorser and the party who is required to give him notice reside in the same town or city, that the notice must be given to him personally or at his domicile or place of business. This rule is subject, however, to many exceptions. It is a well-recognized limitation of the rule as to personal service of notice between parties residing in the same place, that in cities where a "penny post" or system of free delivery of letters by carrier is established, notice may be given through the post office to indorsers residing within the city, who are in the habit of having their letters so delivered at their places of business. Walters

v. Brown, 15 Md. 285, 74 Am. Dec. 566; Dobree v. East-
wood, 3 Car. & P. 250; Story, Bills and Notes, sec. 323;
Chitty on Bills, p. 504; 3 Kent's Com. (5 Ed.), 107;
Bell v. Bank, 7 Gill (M'd.) 216; Shaylor v. Mix., 4 Al-
len (Mass.) 351; Walker v. Banks, 8 Mo. 704; Martin v.
Cammock, 4 MacArthur (D. C.) 22; 2 Daniel, Negoti-
able Inst., secs. 1118-1119; Tiedeman on Com. Paper
(1899), sec. 339; 4 Am. & Eng. Enc. Law (2 Ed.), p.
427; Shoemaker v. Bank, 59 Pa. St. 79; 98 Am. Dec.
315.   (3)  Notice to an endorser by mail may be given
although he may reside in the same place at which pro-
test was made, if, after due diligence, his actual resi-
dence could not be discovered.   Vigers v. Carlon, 14
La. 89, 33 Am. Dec. 575; Williams v. Bank, 2 Pet. (U.
S.) 96; 4 Am. & Eng. Enc. Law (2 Ed.), p. 427, 428;
Peet v. Zanders, 6 La. Ann. 63; Stylor v. Ball, 25 M'd.
199; Hunt v. Maybee, 7 N. Y. 266; 4 Am. & Eng. Enc.
Law (2 Ed.), p. 442, 443; Sasscer v. Whitely, 10 Md.
98, 69 Am. Dec. 126; Bank v. Davison, 5 Wend. 587;
Bank v. Peirce, 3 Ala. 321; Sanderson's Admr. v. Rein-
stadler, 31 Mo. 483.   (4)  Notice given by the expira-
tion of the day following dishonor is sufficient where
parties giving and receiving it live at the same place.
4 Am. & Eng Enc. Law (2 Ed.), p. 431.

*McReynolds & Halliburton* for respondent.

(1) There is no evidence that the notice was ever
placed in the post office.   See appellant's record, where
witness Mabel Boggess says, "I didn't put it in the
post office.   Mr. Gray mailed it.   He always mailed the
letters."   Conceding for the purpose of this point that
the notice prepared by the notary was signed (the evi-
dence shows it was not) and was placed in the post office
in Carthage, Mo. (which is not shown), directed to the
Carthage Novelty Co., care of J. A. Sigler, Carthage,
Mo., and that Sigler received it.   (The evidence shows
that he did not.)   All this was insufficient to hold the

defendant as indorser of the note. Stephens v. Gallagher, 42 Mo. App. 245; Bailey v. Bank, 7 Mo. 467; Gilchrist v. Donnell, 53 Mo. 591; Bank v. Chambers, 14 Mo. App. 156; Barret v. Evans, 28 Mo. 331; 4 Am. & Eng. Enc. Law (2 Ed.), p. 426; 7 Century Digest, Column 1618, sec. 1178.

JOHNSON, J.—Action against the indorser of a negotiable promissory note. The trial court held that legal notice of dishonor had not been given and entered judgment for defendant and plaintiff appealed.

On June 15, 1903, A. A. Cass executed and delivered the note to the Carthage Novelty Company, the payee. Before maturity, the payee sold and indorsed it to a Mr. Craig, who in turn sold and delivered it to plaintiff (the indorsement being made to Craig or bearer.) Plaintiff discounted it at the Carthage National Bank, in whose possession it remained until maturity. On that date, the bank handed the note to Mabel Boggess, a notary public, who demanded payment of the maker, which was refused. The notary then at the request of the bank, protested the note for non-payment and on the same day wrote a notice of protest to defendant. All of the parties were in Carthage and the notary who was a stenographer in the law office of Howard Gray at that place, testified that she inclosed the written notice in an envelope addressed to defendant, care of J. A. Sigler at Carthage, and put the letter in the regular place in the law office for outgoing mail, and that Mr. Gray attended each day to the mailing of such letters. Mr. Gray did not testify. No claim is made of the giving of any other notice, either verbal or written, to defendant and Mr. Sigler, in whose care the letter was sent, testified that defendant never received it. Plaintiff was compelled by the bank to take up the note and brought this suit.

We will discuss but one of the questions presented, as its determination, under the view we entertain, is

decisive of the case and the others ceased to be of practical importance to the commercial world with the enactment of article VII of "An act relating to negotiable instruments." [Session Acts 1905, page 254 *et seq.*] The subject of inquiry is this. Is there any evidence in the record before us upon which to base a finding that the written notice was mailed to defendant on the date of the dishonor of the paper? The case was tried by the court without the aid of a jury and this question, in effect, was there answered against the contention of plaintiff. The burden of proof was on plaintiff to show that the notice was mailed in proper time. That is to say, that the notice was written, inclosed in an envelope addressed to defendant at Carthage, its place of business, and with the requisite postage affixed was deposited in the postoffice at that place. In the case of Prier v. Heinrichshoffen, 67 Mo. 163, the notary testified that he "personally mailed the notice in the postoffice" and the court held the objection to the sufficiency of this testimony hypercritical, observing that the word "mailed" as applied to a letter meant that it was properly prepared for transmission and that the words "put in the postoffice" are commonly employed to designate the duty of the holder in giving notice. To the same effect is the case of Bank v. Pezoldt, 95 Mo. App. 404, decided by the St. Louis Court of Appeals. But it will be observed in both of these cases the testimony embraced the act of depositing the letter in the postoffice as well as that of its preparation for mailing, while in the case before us the testimony of the notary cannot be made to include more than the preparation of the letter for deposit in the postoffice. We may assume, although the notary does not say so, that she affixed a stamp to the letter before placing it with the other mail in the law office and yet find an entire absence of any proof that the letter was on the date in question taken from the law office to the postoffice and there "mailed." Had Mr. Gray, who was present at the

trial and participated therein as an attorney for plaintiff, testified that on that date he took the outbound mail from his office to the postoffice and mailed it, the chain of evidence would have been complete and plaintiff would have sustained his burden requiring him to show the mailing of the notice, but, as it is, there is an essential link missing. The testimony leaves the letter in the lawyer's office and we cannot presume that it found its way to the post office on that or any subsequent day.

The rule first announced by Lord Ellenborough in the case of Hetherington v. Kemp, 4 Camp. 193, appears to have the support of authority. In that case, a notice was written by a merchant in his counting-house and put down upon a table for the purpose of being carried thence to the post office, and it was shown that by the course of business all letters deposited upon that table were carried by a porter to the post office. The judge held the evidence insufficient, saying, "Some evidence must be given that the letter was taken from the table in the counting-house and put into the post office. Had you called the porter and he had said that, although he had no recollection of the letter in question, he invariably carried to the post office all the letters found upon the table, this might have done. But I cannot hold this general evidence of the course of business in the plaintiff's counting-house to be sufficient." [Skillbeck v. Garbett, 7 Q. B. 846; Hawkes v. Salter, 4 Bing. 715; Bank v. Strong, 28 Vt. 316; 4 A. & E. Ency. of Law, 428.]

The notary's assertion that "Mr. Gray always mails the letters" was no evidence of the fact that he mailed this particular letter, for two reasons. It necessarily was based solely upon hearsay information, for no claim is made that the notary knew except by hearsay what Mr. Gray invariably did with letters after he left his office; and it is an attempt to establish the fact of mailing by proof alone of a custom in that particular

office.    The evidence carries no probative value and we must hold that plaintiff failed to prove the mailing of the notice.    Accordingly, the judgment is affirmed.    All concur.