ALBERT M. SILLS et al., Appellants, v. RICHARD
H. BURGE et al., Respondents.

**Kansas City Court of Appeals, January 10, 1910.**

1. **EVIDENCE: Reversible Error.**  Where the evidence is evenly
balanced, substantial error of the trial court in the rulings on
the evidence, must be deemed prejudicial.

2. ————: **Constructive Delivery of Letter.**  Testimony that a
letter was dictated to a stenographer and a claim that in the
usual course of business it must have been mailed is not suffi-
cient to show constructive delivery, where no witness testified
that the letter was mailed.

3. ————: **Actual   Delivery of Letter.**  Where the evidence
showed that a letter to defendant was dictated, asking him to
come in and talk over the sale of his property and that a few
days later the defendant's son came in and discussed the matter,
and later defendant admitted that he had sent his son to attend
to the business, justified the inference that the letter was actu-
ally received, which inference is strengthened by subsequent
conversation, which proceeded on the basis of the existence of
the relation of principal and agent between the parties.

Appeal from Jackson Circuit Court.—*Hon. T. J. See-
horn,* Judge.

REVERSED AND REMANDED.

*Ball & Ryland* for appellants.

(1) The refusal of the court to allow an answer to the question, Assignment I-(a), was error. Meade v. Arnold, 110 S. W. 656. (2) The exclusion of the letter of February 13, 1900, was error. Goucher v. Novelty Co., 91 S. W. 447; Hardin v. Railroad, 96 S. W. 681, 682. (3) The cross-examination of Sills was error. Wilkerson v. Eilers, 114 Mo. 245; Dry Goods Co. v. Mansur, 87 Mo. App. 113; State v. Stein, 79 Mo. 330; State v. Myers, 198 Mo. 255. (4) Defendants' instruction No. 3 is erroneous. The agency of Johnson was not pleaded and could not be availed of under the general issue. The instruction also is a comment on the evidence. Northrup v. Insurance Co., 47 Mo. 443; Musser v. Adler, 86 Mo. 449; St. Louis Agricultural Ass'n v. Delano, 108 Mo. 217; Bluedorn v. Railroad, 121 Mo. 271; Dermott v. Sedgwick, 140 Mo. 182; Reese v. Garth, 36 Mo. App. 645; McCormack v. Henderson, 100 Mo. App. 647; Henry v. Bassett, 75 Mo. 89. (5) Defendants' instructions numbered 5 and 7 given are erroneous as comments on the evidence and giving undue prominence to defendants' theory of the case. Lee v. Knapp, 55 Mo. App. 404; Page v. Roberts, 103 Mo. 662; Sallee v. McMurray, 113 Mo. App. 253; McCormack v. Hudson, 100 Mo. App. 647.

*Peak & Strother* for respondents.

(1) There was no error in the trial court's action in excluding the evidence mentioned in the first assignment of error of appellants. Nor was there any error in the admission or exclusion of the evidence mentioned in the second assignment of error of appellants. (2) There was no error in excluding the letterpress copy of the letter of February 13, 1900. Goucher v. Novelty Co., 116 Mo. App. 99; Grain Co. v. Railroad, 120 Mo. App, 203. (3) There was no error in giving instruc-

tion 3 for defendants. Young v. City of Kansas, 27 Mo. App. 101, 119; Mead v. Arnold, 131 Mo. App. 221; Kirk v. Kane, 87 Mo. App. 281; Dieckman v. Young, 87 Mo. App. 532. (4) Instruction 5, given for defendants, told the jury what was the legal effect of the evidence, brought out by plaintiffs, that the witness, Johnson, was not in the business of a real estate agent and had no license as such, and hence was not erroneous. Tooker v. Dueckworth, 107 Mo. App. 231; Tyler v. Hall, 106 Mo. 323. (5) Instruction 7, given for defendants, was proper in view of instructions 1 and 4, asked and given for plaintiffs, and in view of the references therein to the witness, Johnson. Ryan v. Kelly, 9 Mo. App. 592; Womach v. St. Joseph, 168 Mo. 242. (6) The evidence that defendants did not know who made the one hundred thousand dollar proposition through plaintiffs and that they knew no one as the proposed purchaser except the witness Beals, was competent and proper as bearing on the good faith of defendants in what they did. Gamble v. Grether, 108 Mo. App. 340. (7) The judgment was for the right parties and should be affirmed. Bailey v. Moorehead, 122 Mo. App. 268; Bassford v. West, 124 Mo. App. 248; McLaughlin v. Hardin (Mo. App.), 113 S. W. 681; Gamble v. Grether, 108 Mo. App. 340; Pollard v. Banks, 67 Mo. App. 187.

JOHNSON, J.—Plaintiffs, real estate agents in Kansas City, brought this action to recover a commission of $4,500, alleged to be due them on account of the sale of certain real estate in Kansas City belonging to defendants. A trial to a jury resulted in a verdict and judgment for defendants. Numerous errors are assigned by plaintiffs, who bring the case here by appeal. These assignments relate either to the instructions or to rulings on the admission or rejection of evidence. The issue of the employment of plaintiffs as agents to sell the property was warmly contested, as was also the issue of whether or not their efforts were the procuring

cause of the sale. Both parties adduced substantial evidence in support of their respective contentions. Material facts disclosed by the evidence of plaintiffs thus may be stated:

Defendants Burge and Mary E. Long, brother and sister, inherited two tracts of land in Kansas City, one of forty acres, the other of eighty acres. Defendant, Robert J. Long, is the husband of Mary. In 1899, defendants gave an option to purchase the land to a Mr. Guion and he enlisted the services of plaintiffs to aid him in making an advantageous sale. He failed to accomplish his purpose and the option expired. Plaintiff Sills states that acting on behalf of his firm, he wrote a letter to defendant, Robert J. Long, in February, 1900, about the sale of the land and that a few days later David Long, son of Robert and Mary, called on him in response to the letter. Sills testified: "He (David) says that his father received a letter from us in reference to the sale of the property. I told him that I wanted a price on both the forty and eighty acres. He said he would see his father and Mr. Burge and let me know in a day or two. . . . He came in in a day or two and gave me a price. . . . of $1,500 per acre for the eighty acres and $2,000 per acre for the forty acres. He asked me previous to this what the commission would be. I told him two and one-half per cent."

The letter which plaintiffs claim initiated the transaction was dated February 13, 1900, and was addressed to defendant, Robert J. Long. Its contents were as follows: "We would like to talk to you about some of your acre property as soon as you can find it convenient to call at our office, 820 Walnut St. We have parties in view who have some money to invest, and we might be able to sell them some of your property."

Plaintiffs made strenuous and repeated but unsuccessful attempts to introduce this letter in evidence, and the refusal of the court to admit it constitutes one of

the principal errors assigned. The original letter was not produced, but plaintiffs had a copy and endeavored to lay the foundation for its admission. Mr. Sills testified that he dictated the letter to his stenographer and claims that in the usual course of the business of his office, it must have been mailed, but he cannot state that he mailed it and no witness testified to having mailed it. The parties to whom the letter referred as prospective purchasers composed a syndicate that afterward was incorporated under the name of the Abington Land Company. After David Long had given plaintiffs a price on the land, Sills obtained an offer of $100,000 for the eighty-acre tract from one of the syndicate—George D. Ford—and went to the home of defendant, Long, where he saw Mr. Long and told him of the offer. Sills testified: "Mr. Long said that he would see—he first asked me what our commission would be. I told him two and one-half per cent. I also stated to him before I made that offer that his son David Long had left the property with me for sale. He said, 'Yes, I know he has.' Then he asked me what our commission would be. I told him two and one-half per cent. He said 'I will see Mr. Burge and talk with Mrs. Long and let you know soon.'" A short time after this conversation, David Long called on Sills and told him that defendants would not take less than $1,500 per acre for the tract. Sills communicated this information to the syndicate. Afterward the syndicate purchased both tracts from defendants for $1,500 per acre. The sale was consummated without the intervention of plaintiffs and defendants rejected the claim of plaintiffs to the commission. This suit followed.

Defendant Long denies that he received the letter plaintiffs claim to have sent him; that he sent his son to see plaintiffs in response to the letter; that he employed or authorized his son to employ plaintiffs; that he acknowledged to Sills that he had authorized his son, David, to employ plaintiffs; that he asked Sills what

his commission would be, or in any way treated him as the agent of defendants or that plaintiffs had anything to do with selling the property. In fine, he denies the whole story of plaintiff Sills except the fact that Sills called at his house and offered him $100,000 for the eighty-acre tract. David Long, likewise, repudiates in toto his connection with the transaction as detailed by plaintiffs. Defendants all admit that nothing was done by any of them in relation to the sale of the land without the knowledge and consent of the others, but they say that the sale was brought about through the services of a Mr. Johnson, a stonemason, who operated a quarry on the land, and that to him they paid a commission of one and one-quarter per cent.

We have stated only those facts which give a general view of the issues. The record is voluminous and teems with circumstances of more or less importance. The burden which plaintiffs labored hard to sustain was to show, first, that defendants employed them, and, second, that their services were the procuring cause of the sale. A careful reading of the record leaves us in the situation of being unable to form an opinion on the subject of which side has succeeded in tipping the evidential scale with the greater weight of the evidence. The conclusion urged by plaintiffs that they were employed to sell the property, did sell it, and are being deprived of their reward under the specious pretexts that they were not employed and that a stonemason made the sale, is just as permissible under the evidence—but no more so—than the insistence of defendants that plaintiffs are mere interlopers.

With the evidence in this condition, we are constrained to say that if the trial court committed substantial error against plaintiffs in the rulings on the evidence, such error must be deemed prejudicial, since we must assume that with evidence so evenly balanced, a little weight added to either side would give the preponderance to that side. Consequently, should we find

that the court improperly excluded the letter plaintiffs claim they sent defendant Long on February 13, 1900, we must hold the error prejudicial. Reasonably construed, that letter was an application for employment. It was the initiatory act that resulted in the relation of principal and agent between the parties and its exclusion by the court could not fail to impress the jury with the idea that plaintiffs were lame in their proof, and that in the mind of the court, they could not lay the foundation stone on which the superstructure of their case must rest. The fact that the letter had been mailed to Mr. Long and received by him could be proved in two ways: First, that the letter properly addressed and stamped had been deposited in the United States mails. With proof of that character, the presumption would arise that the addressee received the letter; and, second, if unable to produce competent evidence on which to found a constructive delivery, plaintiffs still might prove the fact of delivery by the subsequent admissions of Mr. Long, the addressee, that he had received the letter, or by facts and circumstances tending to show that he had received it.

The learned trial judge was right in ruling that plaintiffs had failed to show a constructive delivery. Recently, we have dealt with this subject in three cases: Goucher v. Novelty Co., 116 Mo. App. 99; Ward v. Morr, 119 Mo. App. 83; Grain Co. v. Railway, 120 Mo. App. 203, and we refer to those decisions for the reasons which support the present ruling. But we think the court erred in excluding the letter for the reason that the evidence of plaintiffs tends to show that Mr. Long actually received it and acted on it. Proof of a constructive delivery is but a legal substitute for proof of actual delivery and with proof of the latter character, what difference can it make that plaintiffs are unable to adduce competent evidence of a constructive delivery? The real thing is always better than the substitute. We admit the fact testified to by plaintiff Sills

that the son of Mr. Long called and stated he came in response to the letter would not, of itself, establish the fact that the letter had been received, but the admission of defendant Long to the effect that he had sent his son to attend to the business, certainly justified the inference that he sent his son in response to the letter, and, therefor had received the letter. Such inference is strengthened by the subsequent conversation which proceeded on the basis of the existence between the parties of the relation of principal and agent. Of course, we are viewing the facts from the standpoint of plaintiff's evidence, but this is the position that should be occupied in the consideration of the question of the admissibility of the letter. We think its exclusion was error.

Further, we think the court erred in sustaining the objections of defendants Burge and Mrs. Long to evidence of the statements of David Long to plaintiffs relating to the business of selling the land, offered after plaintiffs had introduced evidence tending to show that defendant Long had selected his son as a channel of communication with plaintiffs, and that whatever defendant Long did in the way of effecting a sale was with the full knowledge and consent of his codefendants. Before many of these objections were sustained, the following testimony of Burge, given at a former trial, had been introduced:

"Q. Mr. Burge, I am not certain whether I asked you or not, but it is true, isn't it, that whenever Mr. Long or any of you, put a price on your property for sale, it was done after a conference among all of you and with authority of all of you? A. Yes, sir; they would all be consulted about it.

"Q. Any prices that were put on the property was with the authority of all? A. Yes.

"Q. And if it was put in the hands of any agent at a certain price to sell, if that was done by Mr. Long, or either of you, why that was satisfactory to Mrs. Long, or to you? A. We always met and consulted.

"Q.  Before you did that?  A.  Yes, sir."

Mr. Burge denied knowledge of the employment either of David Long or of plaintiffs, but the jury were entitled to infer that plaintiffs were telling the truth and that Burge did authorize all that was done in the matter by defendant Long. There is ample evidence in the record of the fact that Mrs. Long had made her husband and her son, her agents, and we think that evidence of the statements and acts of David were admissible as to all of the defendants.

Objection is offered to the following instruction given at the request of defendants: "The court instructs the jury that if they find from the evidence that after the proposition from the witness Ford was rejected neither of the plaintiffs had any further negotiations with the witness, Ford, or those associated with him, but that plaintiffs then and there dropped said negotiations and that afterwards the defendants through the witness Johnson negotiated a sale of the land mentioned in the evidence to the witness Beals and those associated with him, and that by the terms of such sale the one-half acre tract used for school purposes and the three-quarter acre tract on which defendant Burge's house was situated were excluded from such sale, and that the rest of said land was sold for the sum of $180,-000, then the verdict of the jury must be for the defendants."

As we have said, there is ample evidence that plaintiffs were not employed at all by defendants, but, on the other hand, there is abundant evidence of the employment and of the fact contended for by plaintiffs that they procured the purchasers to whom defendants sold the land. Under the hypothesis presented by the evidence of plaintiffs, we find no justification in the record for a reasonable inference that plaintiffs abandoned the employment or dropped negotiations with the syndicate. The main issues of fact were few and were clearly defined by the evidence. Plaintiffs either were employed

as agents or they were not employed. They either found the purchaser and began the negotiations that culminated in the sale, or they did not. The instruction was erroneous for the reason that it injected an issue into the case not made by the pleadings and evidence.

Objection also is made to this instruction given for defendants: "The court instructs the jury that there is no evidence in this case that the witness, Johnson, was used by any of the defendants for the purpose of depriving or attempting to deprive the plaintiffs of a commission upon the sale of the property described in the petition." That instruction is bad for the reason— if for no other—that facts and circumstances in evidence do support very strongly the conclusion that Johnson was imported into the transaction for no other purpose than that of depriving plaintiffs of a commission justly due them. Plaintiffs were entitled to argue to the jury and the jury would have been justified in believing that Johnson was set by defendants in pursuit of game flushed up by plaintiffs. He was not a real estate agent, but a stonecutter. He was a tenant on the land, had been patronized by defendants and accepted employment in a business outside his calling for half the compensation plaintiffs had agreed to accept. Such facts are suggestive of collusion and sharp practice and plaintiffs should have been left free to comment on them. The instruction before us deprived them of this privilege and, therefore, is erroneous.

We have noticed the only errors we find in the record. The judgment is reversed and the cause remanded.

All concur.